COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SUN FAB INDUSTRIAL CONTRACTING, INC., | § | No. 08-10-00340-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | County Court at Law Number Seven |
| | § | |
| ERIC LUJAN, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2009-5207) |
| | § | |

**O P I N I O N**

In its sole issue, Appellant, Sun Fab Industrial Contracting, Inc. (Sun Fab), an employer, files this interlocutory appeal challenging the trial court's denial of its motion to compel arbitration and stay proceedings in an employee-discrimination case filed by Appellee, Eric Lujan, a former Sun Fab employee. Finding error, we reverse the trial court's order.

**BACKGROUND**

When Sun Fab hired Lujan, it provided him with an employee handbook. The table of contents within the employee handbook lists four non-enumerated headings: (1) Introduction; (2) Handbook Receipt & Acknowledgment; (3) Cell Phone Use Policy; and (4) Agreement to Arbitrate Claims. Only the Introduction of the employee handbook contains sections and sub-sections. All headings, sections, and subsections within the table of contents are followed by dot leaders which fail to identify the pages on which these portions of the employee handbook are located. Each page within the employee handbook is numbered sequentially, the Handbook Receipt and Acknowledgment ("handbook receipt") are contained on page 13, and the Agreement to Arbitrate Claims ("arbitration agreement") is on page 15.

Lujan filed an employment discrimination lawsuit alleging that Sun Fab terminated his employment after he filed a worker's compensation claim.[1] Sun Fab thereafter filed a motion to compel arbitration and stay proceedings pursuant to the arbitration agreement signed by Sun Fab and Lujan on July 2, 2008. Opposing Sun Fab's motion to compel arbitration, Lujan argued in part: (1) because the arbitration agreement is listed in the table of contents of the employee handbook and is numbered in sequence with all other documents contained within the handbook which were signed on the same date, it is a component of the employee handbook; (2) because both the handbook and the arbitration agreement incorporate each other by reference; and (3) because the arbitration agreement is subject to revocation, alteration, or modification at any time by Sun Fab under the terms set forth in the employee handbook, the arbitration agreement is unenforceable and illusory.

At the motion-to-compel hearing, the trial court asked Sun Fab if it had given Lujan "one physical handbook with page 15 as part of the whole deal." Sun Fab admitted that a single document, consecutively numbered 1 through 15, had been provided to Lujan. Sun Fab argued that the arbitration agreement was a separate agreement signed by both parties and was not a policy. The trial court posed a hypothetical and asked if, under the provisions of the employee handbook, Sun Fab could decide that it wanted to eliminate the arbitration agreement. Sun Fab answered that a Texas employer could "change to an arbitration agreement or away from an arbitration agreement, if they give the employees notice and there are no pending claims . . . and there were documentation[.]" Sun Fab argued that nothing in the handbook, other than the table of contents,

---

[1] The record indicates that at the end of a workday, Lujan was leaving his workplace and had removed his acid gear when a supervisor allegedly instructed him to provide some additional work. Lujan was allegedly informed by an operator that the only safety equipment he would need to perform the work was gloves. Lujan did not equip himself with acid gear and as he attempted to perform the requested work, acid allegedly spilled onto Lujan's chest, gloves, and overalls. Lujan reported the incident to a safety employee and was terminated after being injured.

referred to the arbitration agreement, which it asserted was an enforceable contract. The arbitration agreement, Sun Fab noted, expressly "includes, but is not limited to, any claim relating to the purported validity, interpretation, enforceability or breach of the employee handbook" and must, therefore, be a separate document. Sun Fab argued that until there is a dispute, it has the unfettered discretion to interpret and enforce the employee handbook and, after a dispute arises, the arbitration agreement governs the events that follow.

After considering Sun Fab's arguments, the pleadings and evidence, the trial court denied Sun Fab's motion to compel arbitration and stay proceedings. In its written order, the trial court explained that:

> Amongst the reasons for denying the Motion, the basis for the Court's ruling is the Defendant maintained the right, under the Employee Handbook, to modify or eliminate the Agreement to Arbitrate without notice and completely based on the Defendant's discretion. This rendered the Defendant's promise to arbitrate illusory and unenforceable.

**DISCUSSION**

Section 51.016 of the Texas Civil Practice and Remedies Code now permits the interlocutory appeal of an order denying a motion to compel arbitration under the Federal Arbitration Act. TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2011). Whether an arbitration agreement is enforceable is a question of law which we review *de novo*. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). A trial court abuses its discretion when it refuses to compel arbitration pursuant to a valid and enforceable arbitration agreement. *In re Halliburton Co.*, 80 S.W.3d 566, 573 (Tex. 2002) (orig. proceeding). If a promise to arbitrate cannot be avoided by amendment or termination, the arbitration agreement is valid and non-illusory. *Id*. at 569; *In re Datamark, Inc.*, 296 S.W.3d 614, 616 (Tex. App. – El Paso 2009, no pet.).

3

On appeal, Sun Fab contends that the trial court abused its discretion when it found that Sun Fab retained the unilateral right to modify or eliminate provisions within the employee handbook and held that the arbitration agreement that is "attached to" the employee handbook was illusory and unenforceable. Although Sun Fab admits that the arbitration agreement is attached to and listed as part of the employee handbook, it contends that the trial court erred in denying its motion to compel arbitration because: (1) the arbitration agreement is a stand-alone, legally-distinct document signed by both Sun Fab and Lujan; (2) the arbitration agreement contains no language permitting Sun Fab to unilaterally amend or rescind it; (3) neither the arbitration agreement nor the employee handbook refer to, incorporate, or otherwise relate to each other; and (4) Sun Fab's right to unilaterally modify or terminate its policies and procedures is set forth in and is restricted to the employee handbook alone. We agree.

At the time the trial court heard Sun Fab's motion, neither the trial court nor the parties had the benefit of the Texas Supreme Court's holding in *In re 24R, Inc., d/b/a The Boot Jack*, 324 S.W.3d 564 (Tex. 2010). There, the Supreme Court considered an employee's contentions that the employer's arbitration agreement was both unenforceable due to lack of consideration and also illusory because: (1) the employee manual allegedly reserved to the employer the right to revoke, change, or supplement guidelines, including an arbitration agreement, at any time without notice; and (2) provided that there were a number of the employer's policies that a job applicant must understand and agree to prior to employment, including "the arbitration policy." *Id.* at 566, 567. The Supreme Court noted that the stand-alone arbitration agreement neither addressed the right of any party to change its terms nor mentioned or incorporated by reference the employee policy manual. *Id.* at 567. Because the employee policy manual included an express disclaimer that the

4

manual's policies and procedures were not intended to be contractual commitments by the employer, the Supreme Court determined that the manual was not a contract and proceeded to analyze whether the validity of the arbitration agreement was affected by the language contained in the non-contractual employee policy manual. *Id.* Finding that the *In re 24R, Inc.* employer did not retain any right to modify or abolish the terms within the arbitration agreement, that the arbitration agreement was a stand-alone contract that did not incorporate the employee policy manual, and that the validity of the stand-alone arbitration agreement was not diminished by language contained within the employee policy manual that recognized the existence of an arbitration agreement, the Supreme Court held that the arbitration agreement was not illusory and did not require a "*Halliburton*-type savings clause."[2] *Id.* at 567-68; *In re Halliburton*, 80 S.W.3d at 570; *compare In re C & H News Co.*, 133 S.W.3d 642, 646-47 (Tex. App. – Corpus Christi 2003, orig. proceeding) (because the arbitration agreement required arbitration "as provided in the Handbook" and had incorporated the handbook by reference, and because the employer had retained the right to unilaterally change the handbook at any time without prior notice to the employee, the Court of Appeals determined that a one-page arbitration document was illusory and unenforceable).

*Sun Fab Employee Handbook*

Three pages are relevant to our consideration of Sun Fab's issue, including page iii of the

---

[2] In *In re Halliburton Co.*, 80 S.W.3d 566, 569 (Tex. 2002) (original proceeding), the Texas Supreme Court considered an arbitration agreement wherein the company retained the right to modify or terminate the arbitration clause. However, the agreement also provided that any modification to the arbitration clause was not to apply retroactively to a dispute of which Halliburton had notice on the day of the amendment and further stated that if Halliburton terminated the arbitration program, the "termination shall not be effective until 10 days after reasonable notice of termination is given to Employees or as to Disputes which arose prior to the date of termination." *Id.* at 569-70. Consequently, because these two provisions were present in the arbitration agreement, Halliburton could not "avoid its promise to arbitrate by amending the provision or terminating it altogether" and the provision was not illusory. *Id.* at 570.

Introduction to the employee handbook which provides:

> **Any statement or policy herein contained** may be altered, amended or dispensed with entirely or in part at any time by the Company or new policies added **without advance notice**. Sun Fab Industrial Contracting, Inc. also reserves the right to interpret all statements and policies. (Emphasis added).

The handbook receipt on page 13, which was signed solely by Lujan on July 2, 2008, expressly states:

> I understand that **the policies in the guide are not a contract** and they are not a guarantee of employment. **They may be changed, interpreted, or withdrawn by Sun Fab Industrial Contracting, Inc. at any time**. My employment with Sun Fab is entered into voluntarily and I am free to resign at any time. Similarly, Sun Fab Industrial Contracting, Inc. is free to conclude the employment relationship at any time, with or without notice, for any reason not prohibited by law. I further understand that no one other than the President of the Company has any authority to alter the relationship, and any such alteration must be in writing and signed by the President, or _____ not binding upon Sun Fab Industrial Contracting, Inc. (Emphasis added).

As in *In re 24R*, Sun Fab's employee handbook is clearly not a contract as it contains an express disclaimer declaring that the policies in the handbook are not a contract and are not a guarantee of employment which Sun Fab may conclude without notice for any reason not prohibited by law. *In re 24R, Inc.*, 324 S.W.3d at 567. The employee handbook does not incorporate the arbitration agreement by reference. *Id.* at 567-68.

*Sun Fab Agreement to Arbitrate Claims*

The arbitration agreement is a one-page document separately located on page 15, two pages after the handbook receipt. The signatures of both Lujan and a Sun Fab representative follow the recitation of the terms of the arbitration agreement, which was executed on the same date that Lujan signed the handbook receipt. The arbitration agreement states in relevant part:

> Any and all disputes, controversies or claims arising between me and Sun Fab out of

6

my employment or the termination thereof shall be settled by arbitration utilizing the American Arbitration Association, or some other arbitrator as agreed to by Sun Fab and the employee. This **agreement shall apply to any and all such disputes, controversies or claims** whether asserted against Sun Fab and/or against any employee, officer, alleged agent, director or affiliate of the Company **with regard to any matter arising out of my employment or the termination of my employment. This Agreement includes, but is not limited to, any claim relating to the purported validity, interpretation, enforceability or breach of** *the employee handbook* or other purported employment agreement; any other claim or controversy arising out of the employment relationship (or the nature of the relationship) or the commencement or termination of that relationship, including, but not limited to, claims for violation of any state or federal statute and/or for breach of covenant, breach of implied covenant of good faith and fair dealing, wrongful termination, breach of contract, or intentional infliction of emotional distress, defamation, breach of right of privacy, interference with the advantageous or contractual relations, conspiracy or other tort claims of any kind.

.  .  .

**This Agreement is equally binding on both parties** and both parties are waiving their right to a jury trial for claims covered by this Agreement.    (Emphasis added).

The only consideration required of both parties to create a stand-alone arbitration agreement is a binding promise of each party. *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005). A mutual agreement to arbitrate claims provides sufficient consideration for an arbitration agreement. *In re U.S. Home Corp.*, 236 S.W.3d 761, 764 (Tex. 2007). Here, the terms of the arbitration agreement expressly provide that the agreement is equally binding on both parties who each waive their right to a jury trial for claims covered by the agreement. Consequently, we find the arbitration agreement to be supported by sufficient consideration and is not illusory. *Id*.

The arbitration agreement appears after the handbook receipt, consists of a single page bearing the heading, "Agreement to Arbitrate Claims," and does not retain any right to Sun Fab to unilaterally modify or abolish its terms. Moreover, although the term "employee handbook" is present within the arbitration agreement, we do not find that language applying the arbitration

7

agreement to claims relating to the "validity, interpretation, enforceability or breach of the employee handbook" to be an incorporation of the handbook within the arbitration agreement or of the agreement within the handbook. Unlike the facts in *In re C & H News, Co.*, the arbitration agreement here does not require arbitration "*as provided* in the Handbook." *In re C & H News Co.*, 133 S.W.3d at 646-47 (emphasis added). The phrase, "as provided in the Handbook," suggests that an arbitration agreement is subject to the provisions of the handbook. *Id.* No such suggestion may be gleaned from the terms "claim relating to" or "employee handbook" as they exist in the arbitration agreement before us nor do we find that the language diminishes the validity of the agreement to arbitrate. *In re 24R, Inc.*, 324 S.W.3d at 567-68. We do not find the listing of the arbitration agreement within the employee handbook's table of contents, the inclusion of the heading, "Agreement to Arbitrate Claims" therein, nor the fact that both the handbook and the Agreement to Arbitrate Claims were signed on the same day to constitute an incorporation of the arbitration agreement within Sun Fab's employee handbook. Rather, we find the arbitration agreement to be a contract that exists independently of the employee handbook. *Compare YMCA of Greater El Paso, Texas and Rio Grande Valley and Fred & Maria Loya YMCA v. Garcia*, No. 08-11-00096-CV, 2011 WL 5110224, at *3-4 (Tex. App. – El Paso October 26, 2011, no pet. h.) (where dispute resolution policy was not a separate, stand-alone document but was contained amidst numerous other policies within employee policy manual, which did not create any contractual obligations in favor of the employer or the employee, no valid arbitration agreement existed).

Because Sun Fab's and Lujan's promises to arbitrate cannot be avoided by amendment or termination and are supported by consideration, the arbitration agreement is valid and non-illusory. *In re Halliburton Co.*, 80 S.W.3d at 569; *In re Datamark, Inc.*, 296 S.W.3d at 616. Because the

8

arbitration agreement is valid, non-illusory, and enforceable, the trial court's denial of Sun Fab's motion to compel arbitration and stay proceedings constitutes an abuse of discretion. *In re 24R, Inc.*, 324 S.W.3d at 566 (citations omitted). Appellant's issue is sustained.

### CONCLUSION

The trial court's judgment is reversed and the case is remanded for further proceedings.


GUADALUPE RIVERA, Justice

November 9, 2011

Before McClure, C.J., Rivera, J., and Antcliff, J.