COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
|  | § |  |
| IN RE:  READYONE INDUSTRIES, INC., | § | No. 08-12-00118-CV |
|  | § | AN ORIGINAL PROCEEDING |
|  | § | IN MANDAMUS |
|  | § |  |

**O P I N I O N**

In this original proceeding, ReadyOne Industries, Inc. seeks mandamus relief from the trial court's order permitting discovery on the arbitrability of an agreement between ReadyOne and its employee, Maria G. Guillen-Chavez ("Guillen-Chavez"), governing work-related injuries. ReadyOne contends that the trial court erred in deciding that the Franken Amendment[1] might apply to Guillen-Chavez's negligence cause of action and that Guillen-Chavez established the facts necessary to raise a reasonable expectation that the arbitration agreement was unenforceable because of her mental capacity and the circumstances surrounding its execution.  Concluding that the Franken Amendment is inapplicable in a personal injury suit and that Guillen-Chavez failed to provide a colorable or reasonable basis for believing that discovery would materially aid her in establishing her defenses to the validity of the arbitration agreement, we conditionally grant mandamus relief.

**FACTUAL AND PROCEDURAL BACKGROUND**

---

[1] Section 8116 of the Department of Defense Appropriations Act of 2010 is known as the Franken Amendment because of its author, Senator Al Franken of "Saturday Night Live" fame.

Alleging that she sustained an on-the-job injury, Guillen-Chavez sued ReadyOne for negligence. After filing an answer, ReadyOne moved to compel arbitration pursuant to an agreement requiring that claims of on-the-job injuries be submitted to binding arbitration. In response, Guillen-Chavez moved for limited discovery on the issue of arbitrability to "develop [her] case, and defend against [ReadyOne's] contentions that a valid arbitration agreement exists[,] . . . [and] . . . to develop or inquire into any factual issues that may preclude or discredit the existence of a valid arbitration agreement."

At the hearing on these matters, Guillen-Chavez re-urged her contention that she needed limited discovery to further develop her defenses to the arbitration agreement, namely that the circumstances surrounding the signing of the arbitration agreement called into question its validity given her lack of education, reliance on medication, and epilepsy. Guillen-Chavez also argued that her claims against ReadyOne are not arbitrable because the Franken Amendment prevents federal contractors from enforcing agreements to arbitrate tort claims related to or arising out of negligent hiring, supervision, or retention. ReadyOne countered that the testimony in Guillen-Chavez's affidavit did not support her claims that the arbitration agreement was invalid because she lacked the mental capacity to sign it, she was fraudulently induced to sign it, and there was no meeting of the minds. ReadyOne also disputed Guillen-Chavez's claim that the Franken Amendment applies to torts related to or arising out of negligent hiring, supervision, or retention in a personal injury suit. As urged by ReadyOne, the Amendment applies only to title VII claims or torts related to or arising out of sexual assault or harassment.

After considering the parties' arguments, the trial court ordered limited discovery on the applicability of the Franken Amendment, Guillen-Chavez's mental capacity, and the

2

circumstances surrounding the execution of the arbitration agreement. With respect to the applicability of the Franken Amendment, Guillen-Chavez was permitted to discover if ReadyOne has federal contracts in excess of $1 million and if ReadyOne manufactures items commercially available off-the-shelf.

## MANDAMUS

To obtain mandamus relief from the trial court's discovery order, ReadyOne must meet two requirements. ReadyOne must show that the trial court clearly abused its discretion and that it has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). A trial court has the discretion to order pre-arbitration discovery if it lacks sufficient information regarding the scope of an arbitration provision or other issues of arbitrability, such as a defense to arbitration. *In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009)(orig. proceeding). Although the scope of discovery is within the trial court's discretion, the trial court must make an effort to impose reasonable discovery limits. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003). Accordingly, discovery requests must be reasonably tailored to include only matters relevant to the case. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998). Because discovery is limited to matters that are relevant to the case, requests for information that are not reasonably tailored as to time, place, or subject matter amount to impermissible "fishing expeditions." *See CSX Corp.*, 124 S.W.3d at 152. Accordingly, an order that compels production of patently irrelevant matters

3

is an abuse of discretion.   *Id*. at 153.

A relator has no adequate remedy by appeal if the appellate court is unable to cure the trial court's discovery error.   *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992).   This occurs when the trial court erroneously "compels the production of patently irrelevant . . . documents, such that it clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party."   *Id*.   In such a situation, mandamus is the proper remedy.   *Id*.

## THE FRANKEN AMENDMENT

In its first issue, ReadyOne argues that the trial court erred by ordering discovery regarding the applicability of the Franken Amendment because, on its face, the Amendment is inapplicable, and even if applicable, does not bar enforcement of the arbitration agreement.   ReadyOne thus insists that the trial court abused its discretion by requiring discovery into patently irrelevant matters.   We agree.

### *Applicable Law*

Our analysis of whether the Franken Amendment applies in this case turns on a question of statutory construction.   A question of statutory construction is a legal one that we review *de novo*. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009).   When construing statutes, we ascertain and give effect to the legislature's intent.   *Id*.   We do so by looking first and foremost at the statutory text, reading the words and phrases in context and construing them according to the rules of grammar and common usage.   *Summers*, 282 S.W.3d at 437; *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006); TEX.GOV'T CODE ANN. § 311.011 (West 2005).   Where statutory text is clear, it is determinative of legislative intent unless the plain

4

meaning of the statute's text would produce an absurd result. *Entergy*, 282 S.W.3d at 437.

Several canons of statutory construction are helpful in guiding our analysis. Under the doctrine of *ejusdem generis*, when general words in a statute follow specific examples, the general words are to be restricted in their meaning to a sense analogous to the same kind or class as those expressly mentioned. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003). Likewise, according to the maxim *noscitur a sociis* (associated words), when general and specific words are grouped together in a statute, the general words are limited by the specific and will be construed to embrace only objects similar in nature to those things identified by the specific words. *Id*. Similarly, the last antecedent rule states that a qualifying phrase in a statute must be confined to the words and phrases immediately preceding it to which it may, without impairing the meaning of the sentence, be applied. *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 581 (Tex. 2000).

### *Discussion*

### 1. Abuse of Discretion

With these principles in mind, we have scrutinized the Franken Amendment to determine whether personal injury claims related to or arising out of negligent hiring, supervision, or retention fall within its parameters. We conclude that they do not.

In relevant part, the Franken Amendment provides:

(a) None of the funds appropriated or otherwise made available by this Act may be expended for any Federal contract for an amount in excess of $1,000,000 that is awarded more than 60 days after the effective date of this Act, unless the contractor agrees not to:

.         .         .

(2) take any action to enforce any provision of an existing agreement with an employee or independent contractor that mandates that the employee or independent contractor resolve through arbitration any claim under title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or

5

> harassment, including assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention.

Pub. L. 111-118, § 8116, 123 Stat. 3409, 3454–55 (2009). By regulation, the Amendment "does not apply to the acquisition of commercial items (including commercially available off-the-shelf items)." 48 C.F.R. § 222.7403 (West 2010).

The dispute here centers on the meaning of the clause "any claim under title VII of the Civil Rights Act of 1964 *or* any tort related to or arising out of sexual assault or harassment, *including* assault and battery, intentional infliction of emotional distress, false imprisonment, *or* negligent hiring, supervision, or retention." [Emphasis added]. ReadyOne asserts that "the list of generic torts following 'including' are not additional torts to which the arbitration prohibition would apply," but are "simply a descriptive list of some of the type of torts that could arise out of sexual assault or harassment." Guillen-Chavez, on the other hand, posits that, when read in the disjunctive, the conjunction "or" serves to identify the types of claims to which the Amendment applies and to cast them as claims independent of one another. Thus, according to Guillen-Chavez, the phrase "or negligent hiring, supervision, or retention" is independent of and does not modify the phrase "any tort related to or arising out of sexual assault or harassment, including . . . ." We disagree.

When identifying the types of claims not subject to arbitration, the Amendment begins by listing title VII claims, followed by the clause "or any tort related to or arising out of sexual assault or harassment," which in turn is followed by the adjectival phrase "including assault and battery, intentional infliction of emotional distress, false imprisonment . . . ." The concluding phrase "or negligent hiring, supervision, or retention" immediately follows the beginning of the adjectival phrase identifying torts that fall in the class of claims related to or arising out of sexual assault or

6

harassment. Applying the doctrine of *ejusdem generis* in conjunction with the maxim *noscitur a sociis* and the last antecedent rule, we conclude that the phrase "or negligent hiring, supervision, or retention" refers only to claims "such like" the class of claims immediately preceding the use of the present participle "including," *i.e.*, torts related to or arising out of sexual assault or harassment. This is because negligent hiring, negligent supervision, and negligent retention are torts analogous to those expressly mentioned as the type of torts that could arise out of sexual assault or harassment – assault and battery, intentional infliction of emotional distress, and false imprisonment. Furthermore, because all of these torts are similar in nature, are grouped together, and follow the word "including," which precedes the phrase "any tort related to or arising out of sexual assault or harassment," they qualify the phrase and are therefore confined to it. Accordingly, the phrase "or negligent hiring, supervision, or retention" was not intended to define a category of claims separate and apart from title VII claims or torts related to or arising out of sexual assault or harassment.

As noted above, Guillen-Chavez argues that because the various types of claims and torts identified in the disputed clause are separated by the disjunctive "or," they should be construed as alternative claims, separate from and independent of one another. However, the structure and composition of the statutory text belie this argument and compel the conclusion that "negligent hiring, supervision, or retention" are not claims separate from and independent of the other non-arbitrable claims identified in the statute. If Guillen-Chavez is correct that the phrase "or negligent hiring, supervision, or retention" identifies the third element in a list of three items, then a comma would have been placed between the conjunction "or" separating the phrases "any claim under title VII" and "any tort related to or arising out of sexual assault or harassment" to identify

each of the three members in the series. The fact that the conjunction "or" between the phrases identifying title VII claims and sexual assault claims is not separated by a comma indicates that there are no more than two elements identified in the list of claims not subject to arbitration. Indeed, the use of the comma before the conjunction "or" to separate the phrase "assault and battery, intentional infliction of emotional distress, false imprisonment" from "negligent hiring, supervision, or retention" denotes that the drafters of the Amendment used it as a serial comma to identify the disputed phrase as the final item in the list of the torts encompassing sexual assault and harassment. According to the Oxford Style Manual, "[t]he [use of a serial comma] serves . . . to resolve ambiguity, particularly when any of the items *are compound terms joined by a conjunction*." OXFORD STYLE MANUAL, Oxford University Press, 2002, p. 122 [Emphasis added].

Because the Franken Amendment does not apply to personal injury claims related to or arising out of negligent hiring, supervision, or retention, we hold that the trial court abused its discretion by ordering discovery concerning the applicability of the Franken Amendment to the arbitrability of Guillen-Chavez's personal injury claims.

## 2. Inadequate Remedy by Appeal

As established above, Guillen-Chavez seeks documents from ReadyOne to determine if it has federal contracts in excess of $1 million and if it manufactures items commercially available off-the-shelf. This information is targeted to discover if ReadyOne is bound by the requirements of the Franken Amendment. Justification for the discovery of this information, however, requires that the type of claim alleged by Guillen-Chavez – a negligence claim in a non-subscriber personal injury case – fall within the parameters of the Amendment. Because this type of claim is not

8

encompassed by the Amendment, the discovery of the information ordered by the trial court is irrelevant and is therefore unduly harassing and burdensome. Such an error cannot be cured by ordinary appeal. *See Walker*, 827 S.W.2d at 843. Accordingly, we hold that ReadyOne has no adequate remedy by appeal.

## DISCOVERY ON DEFENSES TO ARBITRATION

In its second and final issue, ReadyOne contends that "[t]he trial court abused its discretion in ordering discovery concerning [Guillen-Chavez's] mental capacity and the circumstances surrounding the signing of the arbitration agreement because [she] failed to raise a reasonable expectation that such discovery would reveal the arbitration agreement was unenforceable on those grounds." We agree.

### *Applicable Law*

The law favors arbitration. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001). Therefore, the party seeking to avoid arbitration bears the burden of proving a defense against arbitration. *Id*. To be entitled to pre-arbitration discovery on a particular defense, the party opposing arbitration must show or provide a colorable basis or reason to believe that the discovery requested is material in establishing the defense. *See Barron v. Vanier*, 190 S.W.3d 841, 849-50 (Tex.App.--Fort Worth 2006, no pet.)(holding that it is an abuse of discretion to deny additional jurisdictional discovery if movant shows that "further discovery might demonstrate facts sufficient to constitute a basis for jurisdiction" or "makes a good-faith showing, provides a colorable basis for, or makes a prima facie case of personal jurisdiction, or provides a reason to believe that discovery would reveal sufficient minimum contacts."); *Solgas Energy Ltd. v. Global Steel Holdings Ltd.*, No. 04-06-00731-CV, 2007 WL 1892206, at *6-7 (Tex.App.--San Antonio July 3,

9

2007, no pet.)(mem. op.)(holding that trial court did not abuse its discretion in determining that plaintiff's alter ego allegation did not entitle it to pursue additional discovery in an effort to establish an alter ego connection because plaintiff's pleadings and evidence failed to show or provide a colorable basis for believing that further discovery might demonstrate facts sufficient to constitute a basis for jurisdiction).

### *Discussion*

### 1. Abuse of Discretion

Guillen-Chavez failed to show or provide a colorable basis or reason to believe that discovery would be material in establishing that the arbitration agreement was invalid because she lacked the mental capacity to understand what she was signing, she was fraudulently induced to sign it, and there was no meeting of the minds. In her response to ReadyOne's motion to compel arbitration, Guillen-Chavez alleged that she "lacked the capacity to contract in this case" because she "was under the influence of prescription medication for epileptic seizures" and "[,][a]s a result . . . [she] was intoxicated [when she signed the arbitration agreement.]." Guillen-Chavez also alleged in her response that ReadyOne fraudulently induced her to sign the arbitration agreement because ReadyOne knew she was incapacitated and yet failed to identify and explain the arbitration agreement to her, and that ReadyOne's failure to do so "indicates that there was no 'meeting of the minds' as to the arbitration agreement."

In support of these allegations, Guillen-Chavez submitted her affidavit. However, nothing in Guillen-Chavez's affidavit indicates that she was so intoxicated that it rendered her materially incapable of reasoning and understanding. While an agreement is voidable due to intoxication, it is voidable only if "the intoxication [is] so excessive as to render the person

10

incapable of exercising his judgment or understanding the nature of the agreement and the consequences of its execution." *Portwood v. Portwood*, 109 S.W.2d 515, 524 (Tex.Civ.App.--Eastland 1937, writ dism'd). Guillen-Chavez's statements in her affidavit that she "was under the influence of [Topamax] [when] I was asked to sign the [arbitration agreement]" and that "[Topamax] inhibits my ability to comprehend and concentrate for periods of time" simply fail to establish that she was incapacitated to the extent that she could not have understood and did not understand what she was signing. Nor does Guillen-Chavez's statement provide a colorable basis or reason to believe that discovery would be material in establishing that she was incapacitated to that extent. Mere inhibition as to comprehension and concentration does not equate to material incapacitation.

Likewise, nothing in Guillen-Chavez's affidavit indicates that ReadyOne made a fraudulent representation that the documents she was asked to sign did not contain an arbitration provision or that the arbitration provision was something else. An essential element of fraudulent inducement is a material representation that is false. *Formosa Plastics Corp. USA. v. Presidio Eng'r & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). Guillen-Chavez simply stated in her affidavit that she "was given many documents to sign," that she "took [them] home so that [her] husband could review them," that she "did not remember signing [them][,]" and that "no one . . . told [her] that [she] was signing an arbitration agreement or what that meant." This testimony does not constitute evidence of fraud in connection with the existence of the arbitration agreement nor does it provide a colorable basis or reason to believe that discovery would be material in establishing that ReadyOne fraudulently induced Guillen-Chavez to sign the agreement and that, consequently, there was no meeting of the minds. *See In re FirstMerit Bank*, 52 S.W.3d at 758

11

(there was "no evidence that the sellers actually misrepresented the [arbitration] Addendum's terms, or that they made any false material representations with regard to the Arbitration Addendum itself").

Guillen-Chavez argues that the testimony in her affidavit vested the trial court with the discretion to permit discovery as to "whether . . . a valid agreement to arbitrate [exists] under general contract principles" when the trial court "has concluded it lacks complete information to summarily decide the issue . . . ." However, this is not the applicable test to determine whether pre-arbitration discovery on the validity of an arbitration agreement is warranted. As established above, when a trial court lacks sufficient information regarding the applicability of a defense to an arbitration agreement, it has the discretion to order pre-arbitration discovery. *See In re Houston Pipe Line Co.*, 311 S.W.3d at 451. However, it may do so only if it has a colorable basis or reason to believe that discovery will aid in that determination. *See Barron*, 190 S.W.3d at 849-50; *Solgas*, 2007 WL 1892206, at *6-7. Adopting Guillen-Chavez's position that pre-arbitration discovery is warranted when the trial court lacks sufficient information to summarily conclude that the arbitration agreement is valid would impermissibly shift the burden of persuasion from the party seeking to avoid arbitration to the party seeking to enforce arbitration. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d at 756 (noting that party opposing arbitration bears the burden of proving a defense against arbitration).

In light of the foregoing, we hold that the trial court abused its discretion by ordering discovery on Guillen-Chavez's defensive claim of mental incapacity, fraudulent inducement, and no meeting of the minds.

### 2. Inadequate Remedy by Appeal

Guillen-Chavez's failure to prove that the discovery she sought would be material in helping her establish her defenses to arbitration did not provide the trial court with the basis required to order pre-arbitration discovery. Because the trial court had no basis to compel ReadyOne to produce the information sought by Guillen-Chavez, the trial court's discovery order was unjustifiably harassing and unduly burdensome. Such an error cannot be cured by ordinary appeal. *See Walker*, 827 S.W.2d at 843. Accordingly, we hold that ReadyOne has no adequate remedy by appeal.

## CONCLUSION

We conditionally grant ReadyOne's petition for writ of mandamus. We hereby direct the trial court to vacate its discovery order. Mandamus will issue only if the trial court fails to act within ten days from the date of this opinion.

December 21, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

13