

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | § | No. 08-13-00015-CV |
| IN RE: READYONE INDUSTRIES, INC., | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| Relator. | § | |
| | § | |
| | § | |

**O P I N I O N**

In this original proceeding, Relator ReadyOne Industries, Inc. (ReadyOne), seeks a writ of mandamus against the Honorable Bonnie Rangel, presiding judge of the 171st District Court of El Paso County, Texas, to compel her to vacate her order permitting arbitration-related discovery. Because Flores failed to provide a colorable or reasonable basis for believing that discovery would materially aid him in establishing his defenses to the validity of an arbitration agreement, we conditionally grant the writ of mandamus.

**FACTUAL AND PROCEDURAL BACKGROUND**

After allegedly sustaining an on-the-job injury, Joel A. Flores sued ReadyOne for negligence and served ReadyOne with his requests for discovery. In its answer, ReadyOne asserted that a valid and enforceable arbitration agreement barred Flores' claims. ReadyOne

moved for a protective order to abate all discovery until the trial court had an opportunity to address the issue of arbitration.

In response, Flores filed a motion to compel discovery explaining that limited discovery was needed on the existence or non-existence of a valid and enforceable arbitration agreement. Flores alleged that without such discovery he would be prejudiced. Specifically, Flores requested that ReadyOne respond to written discovery related solely to arbitration and that it produce an authorized representative for deposition on issues solely related to the purported arbitration agreement. Flores asserted that he needed to depose ReadyOne's authorized representative in order to respond to ReadyOne's motion to compel arbitration. Flores did not attach any affidavits as evidence to his motion to compel discovery.[1]

Thereafter, ReadyOne moved to compel arbitration and to stay the proceedings pending arbitration. ReadyOne attached the affidavit of Lupe Madrid, the Director of Human Resources and Compliance for ReadyOne, to its motion to compel arbitration. Attached to Madrid's affidavit were several exhibits including: (1) ReadyOne/NCED's[2] Mutual Agreement to Arbitrate adopted on October 1, 2005; (2) the Spanish language version of ReadyOne/NCED's Mutual Agreement to Arbitrate; (3) a document titled "Receipt and Arbitration Acknowledgment" written in Spanish and purportedly signed by Flores on February 23, 2006; (4) NCED's Employee Injury Benefit Plan effective after October 2, 2005; (5) the Spanish language version of NCED's Employee Injury Benefit Plan; (6) the English and Spanish language versions of NCED's Mutual Agreement to Arbitrate effective October 1, 2007; (7)

---

[1] Flores attached the following as exhibits to his motion to compel discovery: (1) a letter from his legal counsel to legal counsel for ReadyOne requesting available dates for deposition; and (2) a copy of ReadyOne's motion for protective over.
[2] ReadyOne was formerly known as the National Center for Employment of the Disabled (NCED). According to Madrid's affidavit, Flores started working for ReadyOne when the company was known as NCED.

Employee Injury Benefit Plan for injuries after October 1, 2007; and (8) the Spanish language version of the Employee Injury Benefit Plan. According to Madrid's affidavit, these exhibits are records kept in the course of ReadyOne's regularly conducted business activity, and that it is the regular practice of ReadyOne to make these records.

On May 29, 2012, at a hearing on his motion to compel discovery, Flores explained that he was seeking limited discovery on whether or not a valid arbitration agreement existed. Flores argued that he needed to depose ReadyOne's authorized representative in order to determine which arbitration agreement was at issue and to obtain discovery on his defenses of fraudulent inducement and illusory agreement.[3] ReadyOne countered that Flores failed to establish facts that raised a reasonable expectation that discovery would reveal the arbitration agreement to be unenforceable. After hearing the parties' arguments, the trial court took the issue under advisement and stated that it would reconvene at a later date.

Flores subsequently moved for a continuance on ReadyOne's motion to compel arbitration, reasserting that limited discovery must be allowed to determine the existence or non-existence of a valid and enforceable arbitration agreement. On June 27, 2012, Flores filed a response to ReadyOne's motion to compel arbitration. In his response, Flores argued that the Federal Arbitration Act (FAA) did not apply to the arbitration agreement, there was no enforceable agreement under the Texas Arbitration Act (TAA), and the agreement was invalid because it was illusory. Flores also contended that the arbitration agreement was unconscionable. ReadyOne filed a reply to Flores' response on September 14, 2012.

The trial court reconvened on Flores' motion to compel discovery on September 18, 2012. At this hearing, Flores again argued that the trial court should permit limited discovery

---

[3] We note that Flores did not raise these defenses in his motion to compel discovery.

on the defense of fraudulent inducement and his contention that the arbitration agreement was illusory.

After considering the parties' arguments, and reviewing Flores' motion to compel discovery, ReadyOne's response to that motion, ReadyOne's motion to compel arbitration, and Flores' response to the motion to compel arbitration, the trial court signed an order granting Flores' motion to compel discovery on December 11, 2012. The trial court ordered a one-hour deposition of ReadyOne's authorized representative on issues pertaining to the arbitration agreement and its validity. The trial court deferred ruling on ReadyOne's motion to compel arbitration. ReadyOne then filed its Petition for Writ of Mandamus, seeking this Court's review of the trial court's order granting Flores' request for limited discovery.

## MANDAMUS

Mandamus is an extraordinary remedy that will issue only if ReadyOne shows: (1) the trial court abused its discretion; and (2) it has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). Pre-arbitration discovery is permitted if the trial court lacks sufficient information regarding the scope of an arbitration provision or other issues of arbitrability. *See In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009). However, discovery must be limited to obtaining information regarding the scope of the arbitration provision or a defense to the provision. *Id*. Pre-arbitration discovery is not an authorization to order discovery on the merits of the underlying controversy. *Id*.

4

If the appellate court is unable to cure the trial court's discovery error then a relator has no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992). This occurs when the trial court erroneously "compels the production of patently irrelevant . . . documents, such that it clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." *Id*. In such a situation, mandamus is the proper remedy. *Id*.

## DISCOVERY ON ARBITRATION AGREEMENT

ReadyOne contends that the trial court abused its discretion in ordering limited discovery before ruling on the merits of ReadyOne's motion to compel arbitration because Flores failed to raise a colorable basis or reason to believe that discovery was necessary or would reveal that the arbitration agreement was unenforceable. We agree.

### *Applicable Law*

The law favors arbitration and the burden of proving a defense to arbitration is on the party opposing it. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). A party opposing arbitration is entitled to pre-arbitration discovery on a particular defense if and only if the party shows or provides a colorable basis or reason to believe that the discovery requested is material in establishing the defense. *In re ReadyOne Industries, Inc.*, No. 08-12-00118-CV, 2012 WL 6643310, at *5 (Tex.App. – El Paso Dec. 21, 2012, no pet. h.); *In re ReadyOne Industries, Inc.*, No. 08-12-00119-CV, 2012 WL 6643414, at *5 (Tex.App. – El Paso Dec. 21, 2012, no pet. h.); *In re ReadyOne Industries, Inc.*, No. 08-12-00121-CV, 2012 WL 6643692, at *5 (Tex.App. – El Paso Dec. 21, 2012, no pet. h.).

**DISCUSSION**

**ABUSE OF DISCRETION**

*Fraudulent Inducement*

At both hearings on his motion to compel discovery, Flores argued that he needed additional discovery on his fraudulent-inducement defense. However, Flores failed to establish or provide a colorable basis or reason to believe that discovery would be material in establishing that the arbitration agreement was invalid and unenforceable because he was fraudulently induced to sign the arbitration agreement. First, in his motion to compel discovery, Flores did not raise the defense of fraudulent inducement and he did not submit any evidence in support of that defense. Second, while Flores argued that discovery was needed on the defense of fraudulent inducement, no evidence was presented on any fraudulent inducement elements.

Fradulent inducement "is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof. That is, with a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties." *Haase v. Glazner*, 62 S.W.3d 795, 798-99 (Tex. 2001). The elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009.).

At the first hearing, Flores asserted that he was entitled to discovery on the defense of

6

fraudulent inducement because he "just doesn't recall," he "[didn't] know anything about this," "[h]e [didn't] even know what arbitration is," and "[h]e doesn't speak English." At the second hearing, Flores argued he was given "lots of documents to sign and [that] [he] signed them." However, these statements are not evidence of fraudulent inducement nor do they provide a colorable basis or reason to believe that discovery would be material in establishing that ReadyOne fraudulently induced Flores to sign the arbitration agreement. *See In re FirstMerit Bank*, 52 S.W.3d 749, 758 (Tex. 2001) (refusing to invalidate arbitration provision because there was "no evidence that the sellers actually misrepresented the [arbitration] Addendum's terms, or that they made any false material representations with regard to the Arbitration Addendum itself").

Accordingly, because Flores failed to provide a colorable basis or reason to believe that the discovery he sought would be material in establishing his defense, we conclude that the trial court abused its discretion by ordering discovery based on Flores' fraudulent-inducement defense.

*Illusory Agreement*

Although not raised as a defense in his motion to compel discovery, at both hearings, Flores argued that he needed to obtain discovery on his illusory argument. "When a party disputes the scope of an arbitration provision or raises a defense to the provision, the trial court, not the arbitrator, must decide the issues." *In re Houston Pipe Line Co.*, 311 S.W.3d at 451. An arbitration agreement is not illusory unless one party can avoid its promise to arbitrate by amending the provision or terminating it altogether. *In Re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 424 (Tex. 2010), *citing In re Halliburton*, 80 S.W.3d 566, 570 (Tex. 2002) (orig. proceeding). In the context of a stand-alone arbitration agreement, binding promises from both parties are needed because they are the only consideration exchanged to create a contract. *In re*

7

*AdvancePCS Health*, 172 S.W.3d 603, 607 (Tex. 2005). However, when an arbitration clause is part of an underlying contract, the remainder of the parties' agreement provides the required consideration. *See id*.

Flores maintained that the arbitration agreement was illusory because ReadyOne could unilaterally modify or amend the agreement. In *In re Halliburton*, the Texas Supreme Court held that an arbitration agreement was not illusory because the agreement contained a "savings clause" that required the company to give employees ten days' notice of any changes. *In re Halliburton Co.*, 80 S.W.3d at 570. Flores pointed to the "Termination" provision contained in the "Mutual Agreement to Arbitrate" (MAA) attached to Madrid's affidavit in support of his illusory argument. The "Termination" provision provides:

10. **Termination of Agreement**

Company shall have the right to prospectively terminate this Agreement. Termination is not effective for Covered Claims which accured or occurred prior to the date of the termination. Termination is also not effective until ten (10) days after reasonable notice is given to Claimant.

ReadyOne countered that its MAA was a stand-alone document and that the termination provision complied with *Halliburton*.[4] In determining whether a "savings clause" is sufficient under *Halliburton*, we must decide whether the clause allows the employer, to unilaterally alter or terminate the arbitration agreement and if so, whether that right renders the agreement to arbitrate illusory. *See In re Halliburton Co.*, 80 S.W.3d at 570.

---

[4] We note that the language contained in the MAA generally comports with ReadyOne's argument. For example, throughout the MAA it identifies itself as this "Agreement" while specifically naming the Company's "Employee Injury Benefit Plan." However, a potential ambiguity may exist within the MAA's provision titled "Sole and Entire Agreement," which provides in part: "This Program Agreement constitutes the parties' complete agreement and supersedes any prior agreement regarding arbitration of Covered Claims which occur during the Term of this Agreement." The significance of "This Program Agreement" is ambiguous.

8

Flores did not dispute the fact that the termination provision does not entitle ReadyOne to retrospectively terminate the agreement and that it required ten days' notice to prospectively terminate. Instead, he argued that based on the language of the termination provision, ReadyOne was able to unilaterally *modify* or *amend* the arbitration agreement. However, nothing in the MAA permits ReadyOne to unilaterally *amend* or *modify* the agreement. Rather, we note that the termination provision, as shown above, contains a *Halliburton* savings clause and as such, the termination provision of ReadyOne's MAA adequately ensures that ReadyOne cannot avoid its promise to arbitrate and it does not render the agreement to arbitrate illusory.

Flores asserted that the MAA incorporated by reference, the Summary Plan Description (SPD) for the Employee Injury Benefit Plan and that because the SPD mentioned the arbitration agreement, the documents should be considered to be one agreement. As one agreement, Flores argued that the following provision in the SPD allowing ReadyOne to unilaterally modify or amend the plan at any time, rendered the MAA illusory:

**EMPLOYEE INJURY BENEFIT PLAN**

**SUMMARY PLAN DESCRIPTION**

.   .   .

**AMENDMENT OR TERMINATION OF PLAN**

The Company presently intends to continue the Plan indefinitely, but the Company reserves the right to amend, modify, or terminate the Plan at any time; provided, however, no amendment or termination of the Plan will reduce the amount of any benefit then due and payable under the Plan to or with respect to you in connection with an Injury occurring prior to the date of such amendment or termination. Any such amendment or termination will be adopted pursuant to formal written action of a representative authorized to act on behalf of the Company.

Because the "Amendment or Termination" provision of the SPD does not contain a

saving clause in compliance with *Halliburton*, Flores maintained that the arbitration

agreement was illusory.

Moreover, Flores' contention that that the MAA and the SPD constitute one document was

based on the following language contained in the "Receipt and Arbitration Acknowledgment"

signed by Flores[5] on February 23, 2006, and the provisions of the SPD:

1.    **"RECEIPT AND ARBITRATION ACKNOWLEDGMENT"**

**RECEIPT OF MATERIALS**.   By my signature below, I acknowledge that I
have received and read (or had the opportunity to read) the Benefits Schedule,
Summary Plan Description (the "SPD") for the Employee Injury Benefit Plan, and
Mutual Agreement To Arbitrate Claims, effective 10/01/200 .

2.    **"EMPLOYEE INJURY BENEFIT PLAN"**

**SUMMARY PLAN DESCRIPTION**

.     .     .

**Program Highlights**

.     .     .

**What if I am still not satisfied with how my injury is handled?**
In addition to a formal benefit appeals process, there is an Arbitration Policy
attached to the back of this booklet.   The Arbitration Policy will help resolve any
other injury-related disputes between you and the Company quickly and fairly.
Arbitration is a process in which a skilled, independent arbitrator (similar to a
judge) hears both sides of the situation and then makes a final and binding
decision.   Decisions by the arbitrator generally must be made according to the
same principles of law that control decisions by courts.   Arbitrators can award
the same damages or remedies as a court of law.

Because the above provisions in the "Receipt and Arbitration Acknowledgment" signed by Flores

refer to the SPD and the provisions in the SPD mentions the arbitration policy, Flores argued that

---

[5]  Although Flores signed a Spanish language version of ReadyOne's "Receipt and Arbitration Acknowledgment,"
we use the English version for purposes of our analysis.

the documents constituted one agreement and, as such the "Amendment and Termination" provision in the SPD rendered the agreement illusory. However, we note, that as to the illusory argument, Flores agreed with ReadyOne that "to a certain extent . . . the documents speak for themselves . . . and the [trial court] could rule on the illusory argument based on what [had been] presented."

In deciding to allow Flores to conduct pre-arbitration discovery, the trial court indicated that the issue was one of fairness where ReadyOne was asserting that the arbitration agreement was a stand-alone document, but Flores was presented with documents that incorporated each other by reference. However, in construing an arbitration agreement, it must be first determined whether it is possible to enforce the contract as written, without resort to parol evidence. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). In construing a written contract, the primary concern of the court is to ascertain true intentions of the parties as expressed in the instrument. *Id*. at 229.

We do not agree that the "Receipt and Arbitration Acknowledgment" signed by Flores incorporates the SPD by reference. *See Sun Fab Industrial Contracting, Inc. v. Lujan*, 361 S.W.3d 147, 152-53 (Tex.App. – El Paso 2011, no pet.) (concluding that although an employee handbook was mentioned in the arbitration agreement, it did not mean the handbook was incorporated in the arbitration agreement or that the arbitration agreement incorporated the handbook). The "Receipt of Materials" provision, as shown above, merely acknowledges that Flores received and read or had the opportunity to read the SPD.[6] In addition, the MAA,

---

[6] Moreover, the "Receipt of Materials" provision is directly followed by another provision titled "Arbitration" which contains the following language: "I acknowledge that this includes a mandatory company policy requiring that certain claims or disputes (that cannot otherwise be resolved between the Company and me) must be submitted to an arbitrator, rather than a judge and jury in court. I understand that by receiving this Mutual Agreement To

11

expressly states that it does not cover "[c]laims for benefits under the Company's Employee Injury Benefit Plan."

Similarly, we disagree that the SPD incorporates the arbitration agreement because the SPD only recognizes the existence of the arbitration policy and states that there is an arbitration policy attached to the back of the book. *See id*. at 151, 152-53 (noting that the arbitration agreement appeared on page 15 of the handbook as a stand-alone document and concluding that the listing of the arbitration agreement in the employee handbook's table of contents and the inclusion of heading "Agreement to Arbitrate Claims" in handbook did not incorporate the handbook into the arbitration agreement). Therefore, any ability ReadyOne has to unilaterally amend or modify the SPD does not affect its obligation to arbitrate any covered disputes that are within the scope of the MAA.

Based upon the foregoing, we conclude that the trial court abused its discretion by ordering discovery based on Flores' illusory agreement argument.

## INADEQUATE REMEDY BY APPEAL

Flores has failed to meet his burden to establish that the pre-arbitration discovery sought is material in establishing his defenses to arbitration and he failed to provide the necessary basis or reason for the trial court to order pre-arbitration discovery. The trial court's order granting Flores' motion to compel discovery was unjustifiably harassing and unduly burdensome because any discovery ordered would be patently irrelevant. This type of discovery error cannot be cured by ordinary appeal. *See Walker*, 827 S.W.2d at 843. Therefore, we conclude that

---

Arbitrate Claims and becoming employed (or continuing my employment) with the Company at any time on or after 10/01/200 , I am accepting and agreeing to comply with these arbitration requirements. I understand that the Company is also accepting and agreeing to comply with these arbitration agreements. All covered claims brought by my spouse, children, parents, estate, successors and assigns are also subject to this Mutual Agreement To Arbitrate Claims, and any decision of an arbitrator will be final and binding on such persons and the Company.

ReadyOne has no adequate remedy by appeal.

## CONCLUSION

We conditionally grant ReadyOne's petition for writ of mandamus. We hereby direct the trial court to vacate its discovery order. Mandamus will issue only if the trial court fails to comply.


GUADALUPE RIVERA, Justice

April 25, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.

13