

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| READYONE INDUSTRIES, INC., | § | No. 08-13-00150-CV |
|  | § |  |
| Appellant, | § | Appeal from |
|  | § |  |
| v. | § | 384th District Court |
|  | § |  |
| ROBERTO CARREON, | § | of El Paso County, Texas |
|  | § |  |
| Appellee. | § | (TC # 2011-DCV-00940) |
|  | § |  |

**O P I N I O N**

ReadyOne Industries, Inc. is appealing the trial court's order denying its motion to compel arbitration. For the following reasons, we sustain Issue One, reverse the order denying the motion to compel arbitration, and remand to the trial court with instructions to enter an order compelling arbitration.

**PROCEDURAL BACKGROUND**

Roberto Carreon filed suit against his employer, ReadyOne, alleging that the failure to provide a safe work environment caused him to suffer an on-the-job injury to his shoulder, elbow, wrist, and other parts of his body on November 1, 2011. ReadyOne filed a motion to compel arbitration and to stay the proceedings pending arbitration. It supported the motion with the affidavit of Wes Schotten, Director of Human Resources and Compliance, and four exhibits: (1) the English language version of the Mutual Agreement to Arbitrate (MAA) adopted by

ReadyOne effective October 1, 2007; (2) the Spanish language version of the MAA adopted by ReadyOne effective October 1, 2007; (3) a Receipt and Arbitration Acknowledgment dated August 30, 2010 signed by Roberto Carreon; and (4) the Employee Injury Benefit Plan/Summary Plan Description (SPD). Carreon filed a response alleging that the Franken Amendment made the MAA unenforceable. He also complained of fraudulent inducement and lack of mental capacity to enter into a contract. Carreon filed a motion to compel limited discovery related to arbitration which the trial court granted. ReadyOne challenged that order by filing a mandamus petition in this Court. We held that the Franken Amendment does not apply to this personal injury suit. *In re ReadyOne Industries, Inc.*, 394 S.W.3d 689, 693-95 (Tex.App.--El Paso 2012, orig. proceeding). We also concluded that Carreon failed to show a colorable basis or reason to believe that discovery would be material in establishing that the arbitration agreement was invalid because he lacked the mental capacity to understand what he was signing. *Id.*, 394 S.W.3d at 696-97. Finding that ReadyOne did not have an adequate remedy by appeal, we conditionally granted mandamus relief. *Id.* at 697.

Carreon subsequently filed a supplemental response raising a new argument that the MAA is illusory because it permits ReadyOne to amend, modify, or terminate the arbitration at any time. This argument is based on an assertion that the MAA is incorporated by reference in the SPD, and therefore, the SPD's provisions for termination and amendment apply rather than the termination provision set forth in the MAA. The trial court denied ReadyOne's motion to compel arbitration on the ground that the MAA is illusory. ReadyOne brought this accelerated interlocutory appeal to challenge that order. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.016 (West Supp. 2014)(permitting an interlocutory appeal from the denial of a motion to compel arbitration under the Federal Arbitration Act).

## ILLUSORY ARBITRATION AGREEMENT

In its sole issue on appeal, ReadyOne contends that the trial court erred by refusing to compel arbitration on the ground that the MAA is illusory. We agree.

### Relevant Law and Standard of Review

We review a trial court's decision to grant or deny a motion to compel arbitration under an abuse of discretion standard. *Ellman v. JC General Contractors*, 419 S.W.3d 516, 520 (Tex.App.--El Paso 2013, no pet.). Under this standard, we defer to a trial court's factual determinations if they are supported by evidence, but we review a trial court's legal determinations *de novo*. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009). *Ellman*, 419 S.W.3d at 520.

A party seeking to compel arbitration must (1) establish the existence of a valid arbitration agreement; and (2) show that the claims asserted are within the scope of the agreement. *See In re Advance PCS Health L.P.*, 172 S.W.3d 603, 605 (Tex. 2005); *Delfingen US-Texas, L.P., v. Valenzuela*, 407 S.W.3d 791, 797 (Tex.App.--El Paso 2013, no pet.). It is undisputed that the Federal Arbitration Act governs the arbitration at issue in this case. Under the FAA, we apply state contract law principles to determine whether a valid arbitration agreement exists. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003); *Delfingen*, 407 S.W.3d at 797. Once the party seeking to compel arbitration proves that a valid arbitration agreement exists, a presumption attaches favoring arbitration and the burden shifts to the party resisting arbitration to establish a defense to enforcement. *Delfingen*, 407 S.W.3d at 797. In the context of enforcement, defenses refer to unconscionability, duress, fraudulent inducement, and revocation. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001); *Delfingen*, 407 SW.3d at 797. Because the law favors arbitration, the burden of proving a defense to arbitration is on

the party opposing it. *IHS Acquisition No. 171, Inc. v. Beatty-Ortiz*, 387 S.W.3d 799, 807 (Tex.App.--El Paso 2012, no pet.), *citing J.M. Davidson*, 128 S.W.3d at 227.

*Analysis of the MAA and SPD/Employee Injury Benefit Plan*

An arbitration agreement is illusory if one party can avoid its promise to arbitrate by unilaterally amending the provision or terminating it altogether. *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 424 (Tex. 2010); *In re ReadyOne Industries, Inc.*, 400 S.W.3d 164, 170 (Tex.App.--El Paso 2013, orig. proceeding). The MAA is a four-page agreement consisting of thirteen paragraphs. It requires ReadyOne and Carreon to arbitrate covered claims which occur on or after the effective date of the agreement, October 1, 2007. Paragraph 5 addresses the scope of the agreement to arbitrate and provides that all claims that ReadyOne or claimant may have which arise from any injury suffered by claimant in the course and scope of employment, including but not limited to, claims for negligence, gross negligence, and all claims for personal injuries. Paragraph 10, titled "Termination of Agreement" provides that:

> Company shall have the right to prospectively terminate this Agreement. Termination is not effective for Covered Claims which accrued or occurred prior to the date of the termination. Termination is also not effective until ten (10) days after reasonable notice is given to Claimant.

Paragraph 10 is not illusory because it does not permit ReadyOne to unilaterally or retrospectively terminate the agreement and it requires ReadyOne to provide ten days' notice to prospectively terminate. *See In re Halliburton Co.*, 80 S.W.3d 566, 569-70 (Tex. 2002); *In re ReadyOne*, 400 S.W.3d at 170-71 (finding the same provision contains the proper savings clause under *Halliburton* and is not illusory).

Carreon counters that the MAA is not a stand-alone arbitration agreement, but rather is incorporated by reference in the SPD/Employee Injury Benefit Plan. This ERISA plan contains the following provision:

AMENDMENT OR TERMINATION OF PLAN

> The Company presently intends to continue the Plan indefinitely, but the Company reserves the right to amend, modify, or terminate the Plan at any time; provided, however, no amendment or termination of the Plan will reduce the amount of any benefit then due and payable under the Plan to or with respect to you in connection with an Injury occurring prior to the date of such amendment or termination.  Any such amendment or termination will be adopted pursuant to formal written action of a representative authorized to act on behalf of the Company.

Because the "Amendment or Termination of Plan" provision of the SPD/Employee Injury Benefit Plan does not contain a saving clause which complies with *Halliburton*, Carreon argues that the MAA is illusory.

Carreon relied on language in the Arbitration Acknowledgement and SPD/Employee Injury Benefit Plan to support his position that these documents are incorporated by reference in the MAA.  Documents incorporated into a contract by reference become part of that contract.  *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010); *In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007).  Carreon first pointed to a document referred to as the Receipt and Arbitration Acknowledgment[1] which states as follows:

> **RECEIPT OF MATERIALS.**  By my signature below, I acknowledge that I have received and read (or had the opportunity to read) the Benefits Schedule, Summary Plan Description (the 'SPD') for the Employee Injury Benefit Plan, and Mutual Agreement To Arbitrate Claims, effective 10/01/2007.

> **ARBITRATION**.  I acknowledge that this includes a mandatory company policy requiring that certain claims or disputes (that cannot otherwise be resolved between the Company and me) must be submitted to an arbitrator, rather than a judge and jury in court.  I understand that by receiving this Mutual Agreement To Arbitrate Claims and becoming employed (or continuing my employment) with the Company at any time on or after 10/01/2007, I am accepting and agreeing to comply with these arbitration requirements.  I understand that the Company is also accepting and agreeing to comply with these arbitration requirements.  All covered claims brought by my spouse, children, parents, estate, successors and assigns are also subject to this Mutual Agreement To Arbitrate Claims, and any decision of an arbitrator will be final and binding on such persons and the

---

[1]  Carreon signed the Spanish language version of this document.

Company.

The receipt portion of this document merely requires Carreon to acknowledge that he has received and read, or had an opportunity to read, various documents, including the MAA and SPD. The arbitration portion of the document requires Carreon to acknowledge that one of the documents he received is a mandatory company policy which requires both he and ReadyOne to arbitrate certain claims. The receipt and arbitration acknowledgement document does not incorporate the MAA or the SPD by reference. *See In re ReadyOne*, 400 S.W.3d at 169-73; *Sun Fab Industrial Contracting, Inc. v. Lujan*, 361 S.W.3d 147, 152-53 (Tex.App.--El Paso 2011, no pet.).

Carreon also argued the SPD incorporated the MAA by reference. The "Program Highlights" section of the SPD, contains the following:

> **What if I am still not satisfied with how my injury is handled?**
>
> In addition to a formal benefit appeals process, there is **an Arbitration Policy attached to the back of this booklet.** The Arbitration Policy will help resolve any other injury-related disputes between you and the Company quickly and fairly. Arbitration is a process in which a skilled, independent arbitrator (similar to a judge) hears both sides of the situation and then makes a **final and binding decision.** Decisions by the arbitrator generally must be made according to the same principles of law that control decisions by courts. Arbitrators can award the same damages or remedies as a court of law. [Emphasis in original].

We recently considered an incorporation-by-reference argument based on the same document in a mandamus proceeding involving ReadyOne and concluded that the SPD does not incorporate the MAA by reference. *In re ReadyOne*, 400 S.W.3d at 169-73. We will adhere to that decision here. Finding that the MAA is not illusory, we sustain the sole issue presented by ReadyOne. We reverse the trial court's order denying ReadyOne's motion to compel arbitration and remand the cause to the trial court with instructions to enter an order compelling arbitration.

December 10, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
(Rivera, J., not participating)