COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | |
|---|---|
| § | |
| § | No. 08-12-00179-CV |
| § | |
| IN RE: VNA, INC. d/b/a VNA HOME HEALTHCARE OF EL PASO, § | AN ORIGINAL PROCEEDING |
| § | IN MANDAMUS |
| § | |
| § | |

## **O P I N I O N**

In this original proceeding, VNA, Inc. d/b/a VNA Home HealthCare of El Paso seeks mandamus relief from the trial court's order permitting discovery on the arbitrability of an agreement between VNA and its employee, Maria Figueroa, governing work-related injuries. VNA contends the trial court erred in deciding Figueroa established the facts necessary to raise a reasonable expectation the arbitration agreement was invalid. Concluding Figueroa failed to provide a colorable or reasonable basis for believing discovery would materially aid her in establishing her defense to the validity of the arbitration agreement, we conditionally grant mandamus relief.

### FACTUAL AND PROCEDURAL BACKGROUND

Alleging she had sustained an on-the-job injury while caring for an elderly patient,

Figueroa sued VNA for negligence.[1]   VNA moved to compel mediation and arbitration pursuant to an agreement requiring claims of on-the-job injuries to be submitted to mediation and, if unsuccessful, binding arbitration.[2]   Figueroa opposed VNA's motion to compel on several grounds.   Most notably, she argued the arbitration agreement was substantively unconscionable and thus invalid because it prohibited her from filing suit to protect her claims and required her to provide notice of any claim to VNA within the applicable limitations period.

Thereafter, Figueroa moved for limited discovery on the issue of arbitrability to determine if the arbitration agreement was enforceable.   She asserted the agreement was invalid for two reasons:   (1) she was unaware of signing the agreement; and (2) she was not told the consequences of signing the agreement.   After considering the parties' arguments, the trial court ordered limited discovery, permitting Figueroa to depose an authorized representative to determine if the arbitration agreement was valid.

## MANDAMUS

To obtain mandamus relief from the trial court's discovery order, VNA must meet two requirements.   VNA must show the trial court clearly abused its discretion and it has no adequate remedy by appeal.   *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly.   *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005).   A trial court has the discretion to order pre-arbitration discovery if it lacks sufficient information regarding the

---

[1]  Figueroa also sued the elderly patient, but that cause of action is not part of this appeal.

[2]  VNA initially removed the suit to federal court, but the federal court remanded the suit back to state court after concluding that it lacked jurisdiction.

scope of an arbitration provision or other issues of arbitrability, such as a defense to arbitration. *In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009)(orig. proceeding). Although the scope of discovery is within the trial court's discretion, the trial court must make an effort to impose reasonable discovery limits. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003). Accordingly, discovery requests must be reasonably tailored to include only matters relevant to the case. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998). Because discovery is limited to matters that are relevant to the case, requests for information that are not reasonably tailored as to time, place, or subject matter amount to impermissible "fishing expeditions." *See CSX Corp.*, 124 S.W.3d at 152. Accordingly, an order that compels production of patently irrelevant matters is an abuse of discretion. *Id*. at 153.

A relator has no adequate remedy by appeal if the appellate court is unable to cure the trial court's discovery error. *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992). This occurs when the trial court erroneously "compels the production of patently irrelevant . . . documents, such that it clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." *Id*. In such a situation, mandamus is the proper remedy. *Id*.

## DISCOVERY ON DEFENSES TO ARBITRATION

VNA contends that "[t]he trial court abused its discretion in ordering discovery concerning the validity of the arbitration agreement because [Figueroa] failed to raise a reasonable expectation that discovery would reveal the arbitration agreement was unenforceable." We agree.

### *Applicable Law*

Because the law favors arbitration, a party seeking to avoid arbitration bears the burden of

proving a defense against arbitration. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001). A party opposing arbitration is entitled to pre-arbitration discovery on a particular defense if and only if she shows or provides a colorable basis or reason to believe that the discovery requested is material in establishing the defense. *In re ReadyOne Industries, Inc.*, No. 08-12-00118-CV, 2012 WL 6643310, \*5 (Tex.App.--El Paso Dec 21, 2012, orig. proceeding); *In re ReadyOne Industries, Inc.*, No. 08-12-00119-CV, 2012 WL 6643414, \*5 (Tex.App.--El Paso Dec 21, 2012, orig. proceeding); *In re ReadyOne Industries, Inc.*, No. 08-12-00121-CV, 2012 WL 6643692, \*5 (Tex.App.--El Paso Dec 21, 2012, orig. proceeding).

### *Discussion*

### 1. Abuse of Discretion

Figueroa failed to show or provide a colorable basis or reason to believe that discovery would be material in establishing that the arbitration agreement was invalid because she was unaware of signing the agreement and because she was not told the consequences of signing the agreement. Although not characterized as such by her, Figueroa's defense is, in reality, one of fraudulent inducement. A fraudulent-inducement claim has the same elements as a fraud claim, plus the added element that the fraud related to an agreement between the parties. *Haase v. Glazner*, 62 S.W.3d 795, 798-99 (Tex. 2001). The elements of fraud are a material misrepresentation that was false, was either known to be false when made or was made without knowledge of its truth, was intended to be acted upon, was relied upon, and caused injury. *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994)(per curiam). Nothing in Figueroa's affidavit submitted in support of her motion to compel discovery on the validity of the arbitration agreement indicates that VNA fraudulently represented to her that she was not signing the

4

arbitration agreement or that it was something else. The pertinent paragraphs of Figueroa's affidavit read:

> 'No one at Defendant VNA ever explained the Injury Benefit Plan. I first became aware of this injury plan when my lawyer explained it to me.'

> 'I do not remember ever signing an arbitration agreement nor did I understand that my work related injuries were subject to an arbitration agreement.'

These statements simply fail to establish that Figueroa was intentionally misled into signing the arbitration agreement. Nor do they provide a colorable basis or reason to believe that discovery would be material in establishing that VNA deceived Figueroa into signing the agreement by, as she claims, failing to explain it to her. Mere assertions that a defendant did not explain an arbitration agreement do not constitute evidence of fraud. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d at 758 (there was "no evidence that the sellers actually misrepresented the [arbitration] Addendum's terms, or that they made any false material representations with regard to the Arbitration Addendum itself").

Relying upon *In re Houston Pipe Line*, Figueroa argues that the trial court did not abuse its discretion by ordering discovery on the validity of the agreement because her affidavit raised so many questions concerning its execution that the trial court lacked sufficient information to fairly and properly make its decision on the motion to compel. Figueroa's reliance on *In re Houston Pipe Line* is misplaced. Although *In re Houston Pipe Line* authorizes a trial court to order pre-arbitration discovery, it also instructs that the trial court may do so only when it is *reasonably* necessary. *See* 311 S.W.3d at 451 ("Motions to compel arbitration and any reasonably needed discovery should be resolved without delay."). Our conclusion in this case, as well as in the other cases noted above, that a party opposing arbitration must show or provide a colorable basis or

5

reason to believe that pre-arbitration discovery is necessary before it may be ordered is in keeping with *In re Houston Pipe Line*'s mandates. This conclusion also reflects the overarching principle a party seeking to avoid arbitration bears the burden of proving a defense against arbitration. *See In re FirstMerit Bank*, N.A., 52 S.W.3d at 756 (noting that party opposing arbitration bears the burden of proving a defense against arbitration).

In light of the foregoing, we hold that the trial court abused its discretion by ordering discovery on Figueroa's defensive claim of fraudulent inducement.

## 2. Inadequate Remedy by Appeal

Figueroa's failure to prove that the discovery she sought would be material in helping her establish her defense to arbitration did not provide the trial court with the basis required to order pre-arbitration discovery. Because the trial court had no basis to compel VNA to produce an authorized representative for deposition, the trial court's discovery order was unjustifiably harassing and unduly burdensome. Such an error cannot be cured by ordinary appeal. *See Walker*, 827 S.W.2d at 843. Accordingly, we hold that VNA has no adequate remedy by appeal.

## CONCLUSION

We conditionally grant VNA's petition for writ of mandamus. We hereby direct the trial court to vacate its discovery order. Mandamus will issue only if the trial court fails to comply.


April 25, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

6