COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| IN RE: | § | No. 08-17-00161-CV |
| | § | |
| DISH NETWORK, L.L.C. AND | | AN ORIGINAL PROCEEDING |
| ECHOSPHERE L.L.C., | § | |
| | | IN MANDAMUS |
| RELATORS. | § | |
| | § | |

**O P I N I O N**

Relators, DISH Network, LLC and Echosphere, LLC (referred to collectively as DISH) have filed a mandamus petition against the Honorable Luis Aguilar, Judge of the 243rd District Court of El Paso County, Texas, to challenge the trial court's order permitting the real party in interest, Yvette Delgado, to engage in pre-arbitration discovery. DISH also challenges the trial court's refusal to rule on its motion to compel arbitration as ordered by this Court in a prior mandamus proceeding. *See In re DISH Network, LLC and Echosphere, LLC*, 528 S.W.3d 177 (Tex.App.--El Paso 2017, orig. proceeding)(*In re DISH Network I*)(holding that trial court abused its discretion in deferring a ruling on former employer's motion to compel arbitration until after completion of discovery on a disqualification issue raised by former employee who claimed discrimination and retaliation, where employee failed to offer any evidence that she had an express or implied relationship with law firm in issue; ordering trial court to rule on motion to compel

arbitration within thirty days).[1]  We conditionally grant mandamus relief.

## FACTUAL SUMMARY

Yvette Delgado was employed by DISH on December 17, 2007, and she worked as the Human Resources Manager until her termination on August 25, 2015.  Delgado filed suit against DISH asserting claims for discrimination and retaliation.[2]  DISH filed a motion to compel arbitration and it attached a copy of the signed arbitration agreement in support of its motion.  DISH authenticated the arbitration agreement with the affidavit of Katherine Leyba, the Senior Human Resources Manager for DISH Network, LLC.  Leyba's affidavit provided as follows:

> 1.  My name is Katherine Leyba.  The facts stated in this affidavit are within my personal knowledge and are true and correct and if called to testify concerning them under oath, I could and would testify completely thereto.  I am over 18 years of age, have never been convicted of a felony, and I am competent in all respects to make this affidavit.
>
> 2.  I am currently a Senior Human Resources Manager for DISH Network L.L.C. ('DISH').  I oversee matters related to human resources for various DISH customer service centers and was previously the direct manager over Plaintiff Yvette Delgado.  As such, I am duly authorized to make this affidavit which is submitted in support of Defendants' Motion to Compel Arbitration and Stay Proceedings ('Motion').
>
> 3. DISH's corporate headquarters are located in Englewood, Colorado.  DISH and Echosphere L.L.C. are controlled by or under common control with DISH Network Corporation (f/k/a Echostar Communications Corporation), and both entities are considered to be affiliates of DISH Network Corporation. DISH provides satellite television services to millions of customers throughout the United States, Puerto Rico, and the U.S. Virgin Islands via a Direct Broadcast Satellite ('DBS') system.
>
> 4.  Newly hired employees at DISH are presented with a copy of, among other things, an arbitration agreement. Employees are required to sign the arbitration agreement as a condition of their employment.

---

[1]  Delgado filed a motion to modify the opinion and judgment issued in 08-16-00300-CV effectively asking that we extend the deadline for the trial court to rule on the motion to compel arbitration until after pre-arbitration discovery has been completed.  We have issued an order addressing the motion to modify in cause number 08-16-00300-CV.

[2]  The underlying suit is styled *Yvette Delgado v. DISH Network, LLC and Echosphere, LLC* (cause number 2016DCV2745).

5. As a Senior Human Resources Manager who previously oversaw the DISH customer service center in El Paso, Texas, I am familiar with the employment and personnel file of Ms. Delgado. As a condition of her employment with DISH, Ms. Delgado was required to sign the Arbitration Agreement entitled 'Mandatory Arbitration of Disputes - Waiver of Rights Agreement' ('Arbitration Agreement') when she was hired on or about December 17, 2007.

6. The Arbitration Agreement signed by Ms. Delgado was part of her personnel file. Attached to Defendant's Motion as Exhibit 1 is a true and correct copy of the Arbitration Agreement signed by Ms. Delgado. This document was made and kept in the ordinary course of business. It was the regular course of business at DISH for an employee to place the Arbitration Agreement in an employee's personnel file at or near the time it was signed. The Arbitration Agreement is an exact duplicate of the original.

Further, the arbitration agreement requires the parties to arbitrate "any claim, controversy, and/or dispute between them, arising out of and/or in any way related to [Delgado's] application for employment, employment and/or termination of employment . . . ."

On the same day that DISH filed its motion to compel arbitration, Delgado served DISH with notice of intent to take Leyba's deposition, and DISH responded by filing a motion to quash on August 31, 2016. On September 2, 2016, Delgado filed an objection to the hearing on the motion to compel arbitration and asked the trial court to continue the hearing and permit discovery related to her assertion that Hagan Noll and Boyle, the law firm representing DISH, should be disqualified. In addition to raising the disqualification issues addressed in the prior mandamus proceeding (*In re Dish Network I*), Delgado asserted that she was "entitled to discovery regarding the validity of the alleged arbitration agreement before the motion to compel arbitration is heard." Delgado cited *In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009) in support of her argument. Delgado did not file a written response to the motion to compel arbitration either denying the existence of the arbitration agreement or raising any defense to its enforcement.

The trial court granted Delgado's objection to hearing the motion to compel arbitration prior to the completion of discovery regarding disqualification of Hagan Noll and Boyle, and DISH

sought mandamus relief. *See In re DISH Network*, 528 S.W.3d at 180. On June 30, 2017, the Court issued its opinion and judgment conditionally granting mandamus relief and holding that the trial court abused its discretion by delaying its ruling on the motion to compel arbitration until after discovery on the disqualification issue had been completed. *See In re DISH Network*, 528 S.W.3d at 187. The opinion and judgment required the trial court to rule on the motion to compel arbitration within thirty days. *Id.*

Delgado set a hearing in the trial court for July 13, 2017 on DISH's motion to quash the deposition of Katherine Leyba whose affidavit was submitted as an exhibit in support of DISH's motion to compel arbitration. Following the hearing, the trial court denied DISH's motion to quash the deposition. Despite the opinion's requirement that the motion to compel arbitration be ruled on within thirty days, the trial court set DISH's motion to compel arbitration for hearing on August 24, 2017. Delgado filed a motion to modify the judgment in cause number 08-16-00300-CV to extend the deadline for the trial court to comply with our judgment to August 31, 2017 and DISH filed a response in opposition.[3] DISH filed a new mandamus petition and emergency motion to stay trial court proceedings. The Court granted the emergency motion and stayed all proceedings in the underlying case pending resolution of this mandamus.

**PRE-ARBITRATION DISCOVERY**

In its sole issue, DISH argues that the trial court clearly abused its discretion by denying DISH's motion to quash the deposition of Katherine Leyba and allowing Delgado to conduct pre-arbitration discovery before ruling on the motion to compel arbitration. DISH contends that Delgado is not entitled to pre-arbitration discovery under Texas law and our opinion and judgment issued in cause number 08-16-00300-CV did not authorize the trial court to order pre-arbitration

---

[3] We delayed ruling on the motion to modify pending resolution of this mandamus proceeding. The merits of the motion to modify will be ruled on by separate order entered in 08-16-00300-CV.

discovery.

*Standard of Review*

To be entitled to mandamus relief, a relator must generally meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). A trial court abuses its discretion when it acts arbitrarily, capriciously, and without reference to guiding principles. *In re Green*, 527 S.W.3d 277, 279 (Tex.App.--El Paso December 2, 2016, orig. proceeding); *In re Mid-Century Insurance Company of Texas*, 426 S.W.3d 169, 178 (Tex.App.--Houston [1st Dist.] 2012, orig. proceeding). Mandamus relief is appropriate when a trial court improperly orders pre-arbitration discovery. *See In re Houston Pipe Line Company*, 311 S.W.3d 449, 451 (Tex. 2009)(orig. proceeding); *In re VNA, Inc.*, 403 S.W.3d 483, 488 (Tex.App.--El Paso 2013, orig. proceeding); *In re ReadyOne Industries, Inc.*, 400 S.W.3d 164, 168-69 (Tex.App.--El Paso 2013, orig. proceeding); *In re ReadyOne Industries, Inc.*, 394 S.W.3d 680, 685-86 and 688 (Tex.App.--El Paso 2012, orig. proceeding); *In re ReadyOne Industries, Inc.*, 420 S.W.3d 179, 186-87 (Tex.App.--El Paso 2012, orig. proceeding).

*Relevant Law and Analysis*

Texas law encourages parties to resolve disputes through arbitration. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 508 (Tex. 2015); TEX.CIV.PRAC.&REM. CODE ANN. §§ 154.002, 154.027. To that end, Section 171.021 of the Civil Practice and Remedies Code mandates a trial court to order the parties to arbitrate on the application of a party showing an agreement to arbitrate and the opposing party's refusal to arbitrate. TEX.CIV.PRAC.&REM.CODE ANN. § 171.021(a)(West 2011). Motions to compel arbitration are ordinarily decided in summary proceedings "on the basis of affidavits, pleadings, discovery, and stipulations." *Kmart Stores of*

*Texas L.L.C. v. Ramirez*, 510 S.W.3d 559, 565 (Tex.App.--El Paso 2016, pet. denied), *quoting Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992). A summary motion to compel arbitration is essentially a motion for partial summary judgment, subject to the same evidentiary standards. *In re Jebbia*, 26 S.W.3d 753, 756-57 (Tex.App.--Houston [14th Dist.] 2000, orig. proceeding); *see Jack B. Anglin*, 842 S.W.2d at 269; *Kmart Stores of Texas*, 510 S.W.3d at 565. A party seeking to compel arbitration must establish the existence of an arbitration agreement and show that the claims raised fall within the scope of the agreement. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999)(orig. proceeding). If the movant has proven there is an arbitration agreement as a matter of law, the trial court must compel arbitration. *In re Jebbia*, 26 S.W.3d at 757.

If a party opposing the motion to compel arbitration denies the existence of the agreement, the court is required to summarily determine that issue. TEX.CIV.PRAC.&REM.CODE ANN. § 171.021(b). The non-movant can resist summary arbitration by raising an issue of material fact regarding the existence of the agreement or whether the claims fall within the scope of the agreement. *In re Jebbia*, 26 S.W.3d at 757. Additionally, the non-movant can resist summary arbitration by presenting some evidence supporting every element of a defensive claim that there is no enforceable agreement to arbitrate. *In re Jebbia*, 26 S.W.3d at 757. If the non-movant raises an issue of fact, then the trial court must forego summary disposition and conduct an evidentiary hearing referred to as a "*Tipps* hearing." *See Kmart Stores of Texas*, 510 S.W.3d at 565. Conversely, if the movant carries its burden and the non-movant does not raise a material issue of fact, the trial court is required to compel arbitration. *In re Jebbia*, 26 S.W.3d at 757.

Delgado did not file a response to DISH's motion to compel arbitration, but at the hearing on DISH's motion to quash the deposition notice for Leyba, Delgado's attorney stated that "we

don't believe a valid arbitration agreement exists." Additionally, in her written objection to the hearing date on the motion to compel arbitration, Delgado asserted that she was "entitled to discovery regarding the validity of the alleged arbitration agreement before the motion to compel arbitration is heard." Delgado cited *In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009) in support of this contention. The issue before the Court is whether counsel's statement during the hearing and Delgado's assertion that she is entitled to discovery regarding the validity of the arbitration agreement are sufficient to authorize the trial court to defer ruling on an otherwise uncontested motion to compel arbitration until after pre-arbitration discovery is completed.

Consistent with the statement made by counsel at the hearing on DISH's motion to quash the deposition notice, Delgado indicates in her mandamus responses that she is contesting the existence of the arbitration agreement. Whether an arbitration agreement exists is an issue of arbitrability. *G.T. Leach Builders*, 458 S.W.3d at 520. Delgado argues that she has a right to engage in discovery before being required to even file a response to the motion to compel arbitration. She also maintains that she is not required to file a response because DISH has the burden to first prove the existence of an arbitration agreement. The mandamus record shows that DISH presented *prima facie* evidence that an arbitration agreement exists and that the claims presented by Delgado fall within the scope of the agreement. Consequently, the burden shifted to Delgado to raise a fact issue regarding the existence of the arbitration agreement or to present a defense to its enforcement. Delgado did not submit any evidence which raises a fact issue necessitating an evidentiary hearing. Counsel's bare assertion at the motion to quash hearing that "we don't believe a valid arbitration agreement exists" and Delgado's written assertion that she is entitled to pre-arbitration discovery are not evidence and are insufficient to create an issue of material fact regarding the existence or validity of the agreement.

That is not to say that Delgado does not have a right to limited discovery related to the existence of the arbitration agreement. Delgado relies on *In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009)(orig. proceeding) in support of her argument that she is permitted to engage in pre-arbitration discovery. In *Houston Pipe Line*, the relator signed an agreement to purchase gas from O'Connor & Hewitt, Ltd., based on a specific price index. *In re Houston Pipe Line*, 311 S.W.3d at 450. The contract included an arbitration provision. O'Connor later sued several defendants, including Houston Pipe Line, alleging they had manipulated the index downward. *Id.* As a signatory to the contract, Houston Pipe Line sought to enforce the arbitration provision. *Id.* Other defendants who were not parties to the agreement sought to compel arbitration based on a direct benefits equitable estoppel theory. *Id.* O'Connor resisted arbitration by attacking the scope of the arbitration provision and arguing it would be impossible to identify all potential defendants and to complete damages calculations within the sixty-day period specified by the arbitration provision for discovery. *Id.* Rather than rule on the motion to compel arbitration, the trial court entered an order for discovery to assist it in ruling on the motion to compel arbitration. *Id.* More specifically, the trial court ordered discovery to determine if additional defendants could equitably invoke the arbitration clause, whether O'Connor's claims fell within the scope of the arbitration clause, and if the time limitations imposed by the clause were jurisdictional. *In re Houston Pipe Line*, 311 S.W.3d at 450-51.

Citing Section 171.086(a)(4) and (6) of the Civil Practice and Remedies Code, the Supreme Court held that pre-arbitration discovery is available if the trial court lacks sufficient information regarding the scope of an arbitration provision or other issues of arbitrability. *In re Houston Pipe Line*, 311 S.W.3d at 451. The statute provides as follows:

> Before arbitration proceedings begin, in support of arbitration a party may file an application for a court order, including an order to:

.        .        .

(4) obtain from the court in its discretion an order for a deposition for discovery, perpetuation of testimony, or evidence needed before the arbitration proceedings begin;

.        .        .

(6) obtain other relief, which the court can grant in its discretion, needed to permit the arbitration to be conducted in an orderly manner and to prevent improper interference or delay of the arbitration.

TEX.CIV.PRAC.&REM.CODE ANN. § 171.086(a)(4), (6).

The Supreme Court concluded that the trial court abused its discretion because it ordered discovery which related to the ultimate liability of the defendants rather than the scope of the arbitration agreement and arbitrability, and the discovery was not limited to the issues raised by the motion to compel arbitration. *In re Houston Pipe Line,* 311 S.W.3d at 451. On rehearing, the Court observed that the trial court retained jurisdiction to order limited discovery related to scope or arbitrability if necessary. *Id.* at 452 (Opn. on reh'g).

Contrary to Delgado's argument that she is not required to do anything to be entitled to pre-arbitration discovery, Section 171.086(a)(4) and (6) plainly contemplates that the party seeking discovery under the statute must file an application for a court order granting such relief. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 171.086(a)(4), (6)("a party may file an application for a court order, including an order to . . . (4) obtain from the court in its discretion an order for a deposition for discovery, perpetuation of testimony, or evidence needed before the arbitration proceedings begin…."). We further hold that the motion must show that the pre-arbitration discovery sought by the party is necessary and related to the issues raised by the motion. *See In re Houston Pipe Line*, 311 S.W.3d at 452 (Opn. on reh'g). This requirement is consistent with our holdings in the *In re VNA* and *In re ReadyOne* cases that pre-arbitration discovery is available on a particular

- 9 -

defense if the party opposing arbitration shows or provides a colorable basis or reason to believe that the discovery requested is material in establishing the defense. *See In re VNA, Inc.*, 403 S.W.3d at 488; *In re ReadyOne Industries, Inc.*, 420 S.W.3d at 186.

Delgado did not file a motion pursuant to Section 171.086(a) and there is nothing in the record before us to support a conclusion that the trial court permitted Delgado to depose Leyba because it lacked sufficient information to determine whether the arbitration agreement exists. Further, Delgado did not submit evidence contesting any aspect of Leyba's affidavit. In her mandamus response, Delgado argues that she should be allowed to challenge the veracity of Leyba's affidavit, but she does not show there is a reason to believe that Leyba's deposition is material to proving the arbitration agreement does not exist or that the arbitration agreement is invalid. Thus, the trial court's order denying DISH's motion to quash the deposition notice is not supported by Section 171.086(a) or *In re Houston Pipe Line*. We conclude that the trial court clearly abused its discretion by denying DISH's motion to quash the deposition of Leyba. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 171.021(b)(West 2011); *In re VNA*, 403 S.W.3d at 488 (granting mandamus relief from pre-arbitration discovery order where party opposing arbitration failed to provide a colorable basis or reason to believe that pre-arbitration discovery was necessary); *In re ReadyOne Industries*, 420 S.W.3d at 186-87 (holding that plaintiff's affidavit testimony did not constitute evidence of fraud in connection with existence of arbitration agreement and did not establish a colorable basis or reason to believe pre-arbitration discovery would be material to showing she was fraudulently induced into signing the arbitration agreement).

Even though we have determined that the trial court abused its discretion by permitting the pre-arbitration discovery, we find it necessary to address DISH's additional argument that our opinion and judgment issued in cause number 08-16-00300-CV did not authorize the trial court to

- 10 -

order pre-arbitration discovery. As the Supreme Court observed in *Houston Pipe Line*, the trial court retains discretion to order limited discovery upon proper application filed pursuant to Section 171.086(a)(4) and (6) if that discovery is shown to be necessary. *See In re Houston Pipe Line*, 311 S.W.3d at 452 (Opn. on reh'g). While we have determined that Delgado failed to properly invoke the trial court's jurisdiction under the statute to order the deposition of Leyba, the trial court nevertheless retained discretion to order pre-arbitration discovery.

Having found that the trial court clearly abused its discretion by denying DISH's motion to quash the deposition notice and permitting pre-arbitration discovery, we sustain Issue One and conditionally grant the petition for writ of mandamus. The trial court is directed to withdraw its order denying DISH's motion to quash the deposition notice for Leyba and to enter an order granting the motion to quash. If Delgado fails to file within thirty days from the date of this opinion a motion establishing she is entitled to pre-arbitration discovery pursuant to Section 171.086(a)(4) and (6) or fails to present evidence sufficient to entitle her to a *Tipps* evidentiary hearing, the trial court is ordered to summarily rule on the motion to compel arbitration. The motion to compel arbitration and any reasonable discovery must be resolved without delay. *See In re Houston Pipe Line*, 311 S.W.3d at 452 (Opn. on reh'g). The writ of mandamus will issue in the event the trial court fails to comply with our opinion and judgment.


October 24, 2018

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.