COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
| IN RE: | | No. 08-18-00034-CV |
| | § | |
| COPART, INC., COPART OF | | An Original Proceeding |
| HOUSTON, INC., AND HOUSTON | § | in Mandamus |
| COPART SALVAGE AUTO | | |
| AUCTIONS, L.P., | § | |
| | | |
| RELATORS. | § | |

## **O P I N I O N**

Relators, Copart, Inc., Copart of Houston, Inc., and Houston Copart Salvage Auto Auctions, L.P. (referred to collectively as Copart) have filed a mandamus petition against the Honorable Luis Aguilar, Judge of the 243rd District Court of El Paso County, Texas, to challenge the trial court's order permitting the real party in interest, Maria Ordaz, to engage in pre-arbitration discovery. We conditionally grant mandamus relief.

### FACTUAL SUMMARY

The real party in interest, Maria Ordaz, filed suit against Copart alleging employment discrimination and retaliation causes of action under the Texas Labor Code.[1] Copart's counsel emailed a motion to compel arbitration to counsel for Ordaz prior to filing the motion. The motion was supported by the affidavit of Kallie Sirles, a Human Resource Generalist at Copart, Inc.

---

[1] The suit is styled *Maria R. Ordaz v. Copart, Inc., Copart of Houston, Inc., and Houston Copart Salvage Auto Auctions, L.P.* (cause number 2017DCV4011).

Attached to Sirles' affidavit are several exhibits, including the arbitration agreement electronically signed by Ordaz. Sirles' affidavit addressed the existence of its arbitration agreement, the receipt of the arbitration agreement by Ordaz, Ordaz's acknowledgement and signature of the arbitration agreement, and that the records attached to her affidavit are business records kept in the ordinary course of business.

After receiving the motion to compel arbitration, Ordaz's counsel called opposing counsel and unsuccessfully attempted to confer regarding dates for the deposition of Sirles. Copart's counsel unsuccessfully attempt to obtain opposing counsel's agreement to submit a joint motion to compel arbitration. Ordaz subsequently noticed Sirles for deposition. Copart filed its motion to compel arbitration and a motion to quash the deposition notice. Ordaz responded by filing a motion to compel discovery in which she sought pre-arbitration discovery pursuant to Section 171.086(a) of the Civil Practice and Remedies Code. Following a hearing, the trial court granted Ordaz's motion to compel discovery and denied Copart's motion to quash the deposition notice.

## PRE-ARBITRATION DISCOVERY

In Issue One, Copart argues that the trial court clearly abused its discretion by granting Ordaz's motion to compel discovery and denying Copart's motion to quash the deposition notice for Kallie Sirles. Ordaz did not file a response to the motion to compel arbitration, but she argued in her motion to compel discovery that she is entitled to pre-arbitration discovery under Section 171.086(a) of the Civil Practice and Remedies Code.

### *Standard of Review*

To be entitled to mandamus relief, a relator must generally meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). A trial court abuses its discretion when

it acts arbitrarily, capriciously, and without reference to guiding principles. *In re Green*, 527 S.W.3d 277, 279 (Tex.App.--El Paso December 2, 2016, orig. proceeding); *In re Mid-Century Insurance Company of Texas*, 426 S.W.3d 169, 178 (Tex.App.--Houston [1st Dist.] 2012, orig. proceeding). Mandamus relief is appropriate when a trial court improperly orders pre-arbitration discovery. *See In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009); *In re VNA, Inc.*, 403 S.W.3d 483, 488 (Tex.App.--El Paso 2013, orig. proceeding); *In re ReadyOne Industries, Inc.*, 400 S.W.3d 164, 168-69 (Tex.App.--El Paso 2013, orig. proceeding); *In re ReadyOne Industries, Inc.*, 394 S.W.3d 680, 685-86 and 688 (Tex.App.--El Paso 2012, orig. proceeding); *In re ReadyOne Industries, Inc.*, 420 S.W.3d 179, 186-87 (Tex.App.--El Paso 2012, orig. proceeding).

*Relevant Law and Analysis*

Texas law encourages parties to resolve disputes through arbitration. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 508 (Tex. 2015); TEX.CIV.PRAC.&REM. CODE ANN. §§ 154.002, 154.027. To that end, Section 171.021 of the Civil Practice and Remedies Code mandates a trial court to order the parties to arbitrate on the application of a party showing an agreement to arbitrate and the opposing party's refusal to arbitrate. TEX.CIV.PRAC.&REM.CODE ANN. § 171.021(a)(West 2011). Motions to compel arbitration are ordinarily decided in summary proceedings "on the basis of affidavits, pleadings, discovery, and stipulations." *Kmart Stores of Texas L.L.C. v. Ramirez*, 510 S.W.3d 559, 565 (Tex.App.--El Paso 2016, pet. denied), *quoting Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992). A summary motion to compel arbitration is essentially a motion for partial summary judgment, subject to the same evidentiary standards. *In re Jebbia*, 26 S.W.3d 753, 756-57 (Tex.App.--Houston [14th Dist.] 2000, orig. proceeding); *see Jack B. Anglin*, 842 S.W.2d at 269; *Kmart Stores of Texas*, 510 S.W.3d at 565. A party seeking to compel arbitration must establish the existence of an arbitration agreement and

show that the claims raised fall within the scope of the agreement. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999)(orig. proceeding). If the movant has proven there is an arbitration agreement as a matter of law, the trial court must compel arbitration. *In re Jebbia*, 26 S.W.3d at 757.

If a party opposing the motion to compel arbitration denies the existence of the agreement, the court is required to summarily determine that issue. TEX.CIV.PRAC.&REM.CODE ANN. § 171.021(b). The non-movant can resist summary arbitration by raising an issue of material fact regarding the existence of the agreement or whether the claims fall within the scope of the agreement. *In re Jebbia*, 26 S.W.3d at 757. Additionally, the non-movant can resist summary arbitration by presenting some evidence supporting every element of a defensive claim that there is no enforceable agreement to arbitrate. *In re Jebbia*, 26 S.W.3d at 757. If the non-movant raises an issue of fact, then the trial court must forego summary disposition and conduct an evidentiary hearing sometimes referred to as a "*Tipps* hearing." *See Kmart Stores of Texas*, 510 S.W.3d at 565. Conversely, if the movant carries its burden and the non-movant does not raise a material issue of fact, the trial court is required to compel arbitration. *In re Jebbia*, 26 S.W.3d at 757.

Ordaz did not file a response to the motion to compel arbitration contesting the existence of the arbitration agreement or raising a defense to its enforcement. In her motion to compel discovery, Ordaz made the following statement: "Plaintiff denies any enforceable arbitration agreement." She did not, however, offer any evidence in support of the statement. Consequently, she has not established that she is entitled to an evidentiary *Tipps* hearing on the existence or enforceability of the arbitration agreement.

Citing Section 171.086(a)(4) and (6) of the Civil Practice and Remedies Code, Ordaz contends that the trial court has discretion to order pre-arbitration discovery. The statute provides

as follows:

> Before arbitration proceedings begin, in support of arbitration a party may file an application for a court order, including an order to:

> .    .    .

> (4) obtain from the court in its discretion an order for a deposition for discovery, perpetuation of testimony, or evidence needed before the arbitration proceedings begin;

> .    .    .

> (6) obtain other relief, which the court can grant in its discretion, needed to permit the arbitration to be conducted in an orderly manner and to prevent improper interference or delay of the arbitration.

TEX.CIV.PRAC.&REM.CODE ANN. § 171.086(a)(4), (6).

The Supreme Court has held that the statute expressly authorizes pre-arbitration discovery when a trial court cannot fairly and properly make its decision on the motion to compel arbitration because it lacks sufficient information regarding the scope of an arbitration provision or other issues of arbitrability. *In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009)(citing TEX.CIV.PRAC.&REM.CODE ANN. §§ 171.023(b), 171.086(a)(4),(6)). This is not, however, an authorization to order discovery as to the merits of the underlying controversy. *In re Houston Pipe Line*, 311 S.W.3d at 451. Motions to compel arbitration and any reasonably needed discovery must be resolved without delay. *Id.*; *Tipps*, 842 S.W.2d at 269.

In *Houston Pipe Line*, the relator signed an agreement to purchase gas from O'Connor & Hewitt, Ltd., based on a specific price index. *In re Houston Pipe Line*, 311 S.W.3d at 450. The contract included an arbitration provision. O'Connor later sued several defendants, including Houston Pipe Line, alleging they had manipulated the index downward. *Id.* As a signatory to the contract, Houston Pipe Line sought to enforce the arbitration provision. *Id.* Other defendants who were not parties to the agreement sought to compel arbitration based on a direct benefits equitable

estoppel theory. *Id.* O'Connor resisted arbitration by attacking the scope of the arbitration provision and arguing it would be impossible to identify all potential defendants and to complete damages calculations within the sixty day period specified by the arbitration provision for discovery. *Id.* Rather than rule on the motion to compel arbitration, the trial court ordered discovery to assist it in ruling on the motion to compel arbitration. *Id.* More specifically, the trial court ordered discovery to determine if additional defendants could equitably invoke the arbitration clause, whether O'Connor's claims fell within the scope of the arbitration clause, and if the time limitations imposed by the clause were jurisdictional. *In re Houston Pipe Line*, 311 S.W.3d at 450-51. The Supreme Court held that while the trial court has discretion to order pre-arbitration discovery, the trial court abused its discretion because it ordered discovery which related to the ultimate liability of the defendants rather than the scope of the arbitration agreement and arbitrability, and the discovery was not limited to the issues raised by the motion to compel arbitration. *Id.* at 451. On rehearing, the Court observed that the trial court retained jurisdiction to order limited discovery related to scope or arbitrability if necessary. *Id.* at 452 (Opn. on reh'g).

In an opinion issued this same date, we held that Section 171.086(a)(4) and (6) plainly contemplates that the party seeking discovery under the statute must file an application for a court order granting such relief. *In re DISH Network*, No. 08-17-00161-CV (Tex.App.--El Paso October 24, 2018, orig. proceeding); *citing* TEX.CIV.PRAC.&REM.CODE ANN. § 171.086(a)(4), (6)("a party may file an application for a court order, including an order to . . . (4) obtain from the court in its discretion an order for a deposition for discovery, perpetuation of testimony, or evidence needed before the arbitration proceedings begin…."). We further held that the party seeking pre-arbitration discovery must show that the pre-arbitration discovery sought by the party is reasonably necessary. *In re DISH Network*, No. 08-17-00161-CV (Tex.App.--El Paso

- 6 -

October 24, 2018, orig. proceeding); *citing In re Houston Pipe Line*, 311 S.W.3d at 452 (Opn. on reh'g). This requirement is consistent with our holdings in the *In re VNA* and *In re ReadyOne* cases that pre-arbitration discovery is available on a particular defense if the party opposing arbitration shows or provides a colorable basis or reason to believe that the discovery requested is material in establishing the defense. *See In re VNA, Inc.*, 403 S.W.3d at 488; *In re ReadyOne Industries, Inc.*, 420 S.W.3d at 186. Ordaz argues that we should overrule the *In re VNA* and *In re ReadyOne* cases, but we decline to do so.

In her motion to compel discovery, Ordaz stated that she "denies any enforceable arbitration agreement." She also asserted that she is not required to accept Sirles' testimony as true and is entitled to cross-examine Sirles and conduct other reasonable discovery on the question of whether an enforceable arbitration agreement exists. Additionally, Ordaz stated her intent to notice Copart's corporate representative for deposition. Ordaz asked the trial court to order that she be permitted to conduct this discovery pursuant to Section 171.086(a)(4) and (6). As illustrated by *In re Houston Pipe Line*, Section 171.086(a)(4) and (6) does not give the trial court unlimited discretion to order pre-arbitration discovery. The trial court's discretion in this regard is limited to situations where the trial court cannot fairly and properly make its decision on the motion to compel arbitration because it lacks sufficient information related to the specific issues identified by the party resisting arbitration. *See In re Houston Pipe Line*, 311 S.W.3d at 451. The burden is on the party seeking pre-arbitration discovery under Section 171.086(a) to show that the discovery is necessary and related to the issues raised by the party's motion. *See id.*

Ordaz's motion to compel discovery generally contests whether an arbitration agreement exists. This is an issue of arbitrability. *See G.T. Leach Builders*, 458 S.W.3d at 520. The motion does not, however, provide any basis for the trial court to conclude that it lacks sufficient

information to determine whether an arbitration agreement exists. Consequently, the trial court abused its discretion by compelling the deposition under these facts. In her mandamus response, Ordaz contests the validity of her electronic signature on the arbitration agreement, but she did not raise this argument in her motion or at the hearing as a basis for obtaining pre-arbitration discovery under Section 171.086(a)(4) and (6). Even if Ordaz had raised this issue in the trial court, the discovery order is overbroad because it did not limit the deposition of Sirles to this issue. *See In re Houston Pipe Line*, 311 S.W.3d at 451. Issue One is sustained. It is unnecessary to address Issue Two.

We conditionally grant the writ of mandamus and direct the trial court to vacate the orders compelling the deposition of Sirles and denying Copart's motion to quash the deposition notice. As the Supreme Court observed in *Houston Pipe Line*, the trial court retains discretion to order limited discovery pursuant to a properly filed Section 171.086(a) motion. *See In re Houston Pipe Line*, 311 S.W.3d at 452 (Opn. on reh'g). The trial court's order must limit discovery to the specific issues identified by the Section 171.086(a) motion. If Ordaz fails to file within thirty days from the date of this opinion a motion establishing she is entitled to pre-arbitration discovery pursuant to Section 171.086(a)(4) and (6) or fails to present evidence sufficient to entitle her to a *Tipps* evidentiary hearing, the trial court is ordered to summarily rule on the motion to compel arbitration. The motion to compel arbitration and any reasonable discovery should be resolved without delay. *See In re Houston Pipe Line*, 311 S.W.3d at 452 (Opn. on reh'g). The writ of mandamus will issue only if the trial court fails to comply.


October 24, 2018

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.