# IN THE SUPREME COURT OF TEXAS

No. 19-1078

IN RE COPART, INC., COPART OF HOUSTON, INC., AND
HOUSTON COPART SALVAGE AUTO ACTIONS, LP, RELATORS

ON PETITION FOR WRIT OF MANDAMUS

**PER CURIAM**

When deciding a motion to compel arbitration, a trial court may authorize limited discovery if the court "cannot fairly and properly make its decision on the motion to compel because it lacks sufficient information regarding the scope of an arbitration provision or other issues of arbitrability." *In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009) (orig. proceeding). At issue in this mandamus proceeding is whether the trial court abused its discretion in determining that such pre-arbitration discovery was warranted. For the reasons following, we hold that it did and conditionally grant mandamus relief.

In March 2015, Maria R. Ordaz began work at Copart, Inc. as a customer service representative.[1] Ordaz is a Christian woman of Arab descent. Ordaz filed an internal complaint with the company asserting that her office manager subjected her to harassment and derogatory comments related to her religion and ethnicity. Ordaz alleges that she was asked to resign shortly thereafter, and when she refused, her employment was terminated.

---

[1] The named defendants in the lawsuit are Copart, Inc., Copart of Houston, Inc., and Houston Copart Salvage Auto Auctions, LP. They are collectively referred to as Copart.

Ordaz sued Copart, claiming discrimination and retaliation in violation of chapter 21 of the Texas Labor Code. Copart answered and moved to compel arbitration pursuant to the Copart Employee Handbook Acknowledgment and Agreement, which contained the Copart Dispute Resolution Policy and Agreement (the arbitration agreement at issue here). In support of its motion to compel arbitration, Copart attached the sworn declaration of Kallie Sirles, a "Human Resources Generalist" at Copart. In her declaration, Sirles described Copart's policies and procedures for new employees, including the requirement that all employees sign the arbitration agreement. She also averred that Ordaz received via email and electronically signed a copy of the arbitration agreement. Attached to the declaration were various authenticated documents, including Ordaz's signed copy of the arbitration agreement, email exchanges between Ordaz and Copart human resources confirming her signature, and paperwork documenting Ordaz's hire and termination. In response to the motion to compel arbitration, Ordaz served a notice of Sirles's deposition and moved to compel pre-arbitration discovery, denying the existence of an enforceable arbitration agreement.

After a hearing, the trial court orally granted Ordaz's motion for discovery and ordered Sirles to appear for deposition. Copart sought mandamus relief in the court of appeals, which conditionally granted Copart's petition and directed the trial court to vacate its order. *In re Copart, Inc.*, 563 S.W.3d 427, 432–33 (Tex. App.—El Paso 2018, orig. proceeding) (*Copart I*). The court of appeals held that Ordaz's motion to compel discovery did not provide a "colorable basis" for the trial court to conclude it lacked sufficient information to decide the motion to compel arbitration. *Id.* at 432. Thus, an order of discovery was inappropriate. *Id.* However, the court of appeals allowed Ordaz thirty days to file another motion properly establishing her

2

entitlement to pre-arbitration discovery or an evidentiary hearing, ordering the trial court to summarily rule on Copart's motion if she failed to do so. *Id.* at 433.

Ordaz then filed a new motion for discovery in the trial court. Attached to the motion was Ordaz's affidavit in which she denied the existence of a valid arbitration agreement, disputed Sirles's personal knowledge regarding Ordaz's execution of the agreement, and averred that the agreement lacked consideration. The trial court once again granted the motion, and Copart once again filed a petition for writ of mandamus in the court of appeals.

While the second mandamus proceeding was pending, a new trial judge was elected to the 243rd District Court and took over the case. The court of appeals abated the proceeding to allow the new judge to reconsider the order. The trial court granted the motion and issued the discovery order now at issue. The trial court concluded that the second motion for discovery and attached affidavit raised a fact issue regarding the arbitration agreement's validity and enforceability and provided "reason to believe" Sirles's deposition was material to that issue. The court thus authorized Ordaz to conduct "limited" discovery on issues of arbitrability. The court of appeals denied Copart's petition for writ of mandamus without substantive discussion. No. 08-18-00204-CV, 2019 WL 3940955 (Tex. App.—El Paso Aug. 21, 2019, orig. proceeding). Copart now seeks mandamus relief in this Court.

Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). We have held that mandamus relief is appropriate when a trial court erroneously orders pre-arbitration discovery. *In re Houston Pipe Line*, 311 S.W.3d at 452. Accordingly, our focus is on whether

3

the trial court clearly abused its discretion—that is, whether the court "act[ed] without reference to guiding rules or principles or in an arbitrary or unreasonable manner." *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018). Copart asserts that the trial court abused its discretion in ordering pre-arbitration discovery because Ordaz provided no colorable basis to believe that the requested discovery was material to establishing the arbitration agreement's enforceability. Ordaz responds that it was within the trial court's discretion to determine it lacked sufficient information to decide specific issues of arbitrability.

It is undisputed that the Federal Arbitration Act applies to the arbitration agreement at issue. However, courts apply Texas procedure when deciding a motion to compel arbitration under the FAA. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 268 (Tex. 1992). As noted, we have held that the Texas Arbitration Act authorizes pre-arbitration discovery only "when a trial court cannot fairly and properly make its decision on the motion to compel because it lacks sufficient information regarding the scope of an arbitration provision or other issues of arbitrability." *In re Houston Pipe Line*, 311 S.W.3d at 451 (citing TEX. CIV. PRAC. & REM. CODE § 171.086(a)(4), (6)).[2] That is, "the trial court retains discretion to order limited [pre-arbitration] discovery on issues of scope or arbitrability, *if necessary*." *Id.* at 452 (emphasis added).

---

[2] The TAA provides in pertinent part:

(a) Before arbitration proceedings begin, in support of arbitration a party may file an application for a court order, including an order to:

. . . .

(4) obtain from the court in its discretion an order for a deposition for discovery, perpetuation of testimony, or evidence needed before the arbitration proceedings begin; [or]

. . . .

Since we decided *Houston Pipe Line*, several courts of appeals have addressed the limits on a trial court's discretion to order such discovery. In *In re DISH Network, LLC*, an employment dispute, the defendant moved to compel arbitration, attaching a signed copy of the arbitration agreement and the affidavit of a senior human resources manager authenticating the agreement. 563 S.W.3d 433, 436 (Tex. App.—El Paso 2018, orig. proceeding). As in this case, the plaintiff responded by requesting discovery regarding the existence and validity of the agreement, including the deposition of the manager who authored the affidavit. *Id.* at 437. The trial court denied the defendant's motion to quash the deposition, and the court of appeals granted mandamus relief. *Id.* at 441. Citing *Houston Pipe Line*, the court of appeals held that a motion seeking pre-arbitration discovery must show that the discovery "is necessary and related to the issues raised by the motion." *Id.* at 440. The plaintiff did not meet that standard, the court held, because she failed to show a reason to believe that the manager's deposition was material to proving the arbitration agreement did not exist or was invalid. *Id.* at 441. Accordingly, the court of appeals concluded that nothing in the record supported the conclusion that the trial court permitted the deposition because it lacked sufficient information to determine the issue of the agreement's existence. *Id.*

The court further recognized that its analysis was consistent with precedent holding that entitlement to pre-arbitration discovery on a particular defense hinges on the movant's showing or providing a colorable basis to believe that the requested discovery is material in establishing that defense. *Id.* at 440–41 (citing *In re VNA, Inc.*, 403 S.W.3d 483, 488 (Tex. App.—El Paso

---

(6) obtain other relief, which the court can grant in its discretion, needed to permit the arbitration to be conducted in an orderly manner and to prevent improper interference or delay of the arbitration.

TEX. CIV. PRAC. & REM. CODE § 171.086(a)(4), (6).

5

2013, orig. proceeding); *In re ReadyOne Indus., Inc.*, 420 S.W.3d 179, 186 (Tex. App.—El Paso 2012, orig. proceeding)). Applying that standard, the courts of appeals have consistently required a colorable showing that the requested pre-arbitration discovery would aid the trial court in resolving the arbitrability issues raised by the requesting party. *See, e.g.*, *In re VNA*, 403 S.W.3d at 487 (holding that the plaintiff's claim that she did not remember signing the arbitration agreement and was not told the consequences of signing the agreement provided no colorable basis to believe that discovery would aid in establishing that she was misled into signing); *see also In re Thayer*, No. 12-20-00211-CV, 2020 WL 6380331, at *4 (Tex. App.—Tyler Oct. 30, 2020, orig. proceeding) (holding that the plaintiffs provided a colorable basis for pre-arbitration discovery by identifying specific transactions relevant to determining whether claims for declaratory and injunctive relief fell within the scope of an arbitration provision).

These decisions are consistent with *Houston Pipe Line*, which, again, authorizes pre-arbitration discovery only when it is reasonably necessary to allow the trial court to fairly and properly decide a motion to compel. 311 S.W.3d at 451. Conclusory assertions regarding an arbitration agreement's validity and factual assertions that have no bearing on the arbitrability of the plaintiff's claims do not justify pre-arbitration discovery because such assertions provide no reasonable basis to conclude that discovery would aid the trial court in its determination. *In re DISH Network*, 563 S.W.3d at 440–41; *In re VNA*, 403 S.W.3d at 486–87. Accordingly, we hold that a trial court abuses its discretion in ordering pre-arbitration discovery when the requesting party presents no colorable basis or reason to believe that the discovery would be material in resolving any disputed issues of arbitrability. *See In re Houston Pipe Line*, 311 S.W.3d at 452; *In re VNA*, 403 S.W.3d at 486–87.

Here, like the defendant in *DISH Network*, Copart filed a motion to compel arbitration and attached a signed, authenticated arbitration agreement. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999) (orig. proceeding) ("A party seeking to compel arbitration must establish the existence of an arbitration agreement, and show that the claims raised fall within the scope of that agreement."). And like the plaintiff in *DISH Network*, Ordaz responded by requesting discovery regarding the agreement's existence and validity. In Ordaz's original motion to compel discovery at issue in *Copart I*, she denied the existence of an enforceable arbitration agreement and argued she was entitled to conduct discovery on that issue, including cross-examining Sirles. 563 S.W.3d at 429–30. The court of appeals held that such bare assertions did not "provide any basis for the trial court to conclude that it lacks sufficient information to determine whether an arbitration agreement exists." *Id.* at 432.

Upon review of Ordaz's second motion, we see nothing that could constitute the colorable basis for discovery that was missing from the first. In the second motion, Ordaz sought discovery regarding "whether an arbitration agreement exists and whether that agreement is legally enforceable, including whether Ordaz signed any arbitration agreement and whether any purported agreement is supported by consideration." Ordaz argued that she was entitled to investigate Sirles's personal knowledge regarding the statements in her declaration about Ordaz's execution of the arbitration agreement and the existence of a signed agreement. Ordaz submitted an affidavit in support of the motion in which she averred in pertinent part:

> 2.     I was previously employed by Copart. I am aware that Copart has claimed in this case that there was a binding agreement between Copart and myself to arbitrate claims against each other. I deny this claim.
>
> 3.     I was an "at will" employee of Copart. Copart could change any terms of my employment or terminate my employment whenever they wanted to.

7

I did not have the right or the ability to cause Copart to be bound to any terms of employing me. Additionally, I did not have the right to force Copart to give me any advance notice if they wanted to change any of the terms of employment.

4. I am aware that Copart has provided a declaration signed by Kallie Sirles which refers to a document attached to her affidavit as an arbitration agreement signed by me. I do not know Ms. Sirles. To the best of my recollection, I have never met Ms. Sirles.

5. I do not believe Ms. Sirles has any personal knowledge of whether or not I signed any document; has any personal knowledge of whether or not I have entered into any agreements; has any personal knowledge of whether or not I electronically accepted any agreement; has any personal knowledge of whether or not I sent or received any e-mail; or has any personal knowledge of anything about my employment.

Leaving aside that Ordaz's naked "belief" about Sirles's personal knowledge lacks probative value, *see Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) ("An affiant's belief about the facts is legally insufficient.") (emphasis omitted), Ordaz's motion and affidavit provide no reasonable basis to support her assertion that deposing Sirles would lead to relevant information on the arbitrability issues raised by the motion. Although Ordaz generally denied the existence of an enforceable arbitration agreement, she made no factual assertions in support of that claim. *See In re DISH Network*, 563 S.W.3d at 439 (holding that unsubstantiated denials that a valid agreement exists are an insufficient basis for pre-arbitration discovery). Notably, Ordaz did not deny (1) receiving the agreement, (2) signing the agreement, (3) sending or receiving the various emails attached to Sirles's declaration in which Ordaz confirmed receiving and signing the agreement, or (4) continuing to work after she received the agreement.

Further, Ordaz did not dispute the authenticity of any of the documents attached to Sirles's declaration (including the signed agreement), which Sirles authenticated in her capacity as Copart's records custodian. To the extent Ordaz argues that Sirles did not personally observe

8

Ordaz read and send the emails or electronically execute the agreement, we agree with Copart that such knowledge has no bearing on Sirles's status as a witness qualified to verify the authenticity of the various documents attached to her declaration.[3]

Finally, Ordaz asserts that she is an at-will employee and that the arbitration agreement in turn lacks consideration. However, she provides no explanation for the purported need to go beyond the terms of the agreement itself—which on its face requires both parties to arbitrate disputes and restricts Copart's right to modify the agreement—to determine whether Copart's promise to arbitrate was illusory. *See In re Halliburton Co.*, 80 S.W.3d 566, 569–70 (Tex. 2002) (orig. proceeding) (holding that mutual promises of employer and employee to submit disputes to arbitration constitute sufficient consideration notwithstanding at-will employment status so long as the employer cannot avoid its promise by unilaterally amending or terminating the provision).

In sum, Ordaz's motion and affidavit demonstrate no colorable basis or reason to believe that the requested discovery would be material in establishing the agreement's existence and enforceability. *See, e.g.*, *In re VNA*, 403 S.W.3d at 486–87 (holding that the plaintiff's sworn statement that she did not remember signing the contract was insufficient to raise a colorable basis for discovery on the circumstances around the signing). Ordaz thus failed to provide the trial court with a reasonable basis to conclude that it lacks sufficient information to determine whether her claims against Copart are arbitrable. *See In re Houston Pipe Line*, 311 S.W.3d at 451. Accordingly, we hold that the trial court clearly abused its discretion by ordering pre-arbitration discovery.

---

[3] Even if Ordaz had affirmatively denied signing the agreement, it is well settled that an "at-will employee who receives notice of an employer's arbitration policy and continues working with knowledge of the policy accepts the terms as a matter of law." *In re Dallas Peterbilt, Ltd.*, 196 S.W.3d 161, 163 (Tex. 2006). Again, Ordaz provided no explanation as to how Sirles's deposition would be material to this issue.

Because the trial court abused its discretion and Copart lacks an adequate remedy by appeal, Copart has demonstrated its entitlement to mandamus relief. Without hearing oral argument, we conditionally grant Copart's petition for writ of mandamus. TEX. R. APP. P. 52.8(c). We further order the trial court to vacate the discovery order and rule on Copart's motion to compel arbitration. Our writ will issue only if the trial court does not comply.

**OPINION DELIVERED:** March 12, 2021